# Walthour *versus* Spangler.

A plaintiff may amend by adding the name of another as legal plaintiff for his use.

The allowance or refusal of a continuance, in case of an amendment, is a matter of discretion in the court below, which is not reviewable in this court.

The rejection of evidence, which could not have availed the party, is not ground for reversal.

[Walthour *v.* Spangler.]

ERROR to the Common Pleas of *Westmoreland county.*

This was an action of covenant brought by Joseph Spangler against David Walthour, who survived Christian Walthour, to recover the rent reserved on a lease, made by Samuel Spangler, as agent for his minor son, Joseph Spangler, to David and Christian Walthour, of a tavern, in the village of Jacksonville.

Joseph Spangler, a minor, was the owner of the demised premises, and on the 24th December 1850, his father, Samuel Spangler, without having been appointed his guardian, leased the premises to David and Christian Walthour, by the following instrument :—

"Article of agreement made this 28th day of December 1850, between Samuel Spangler, agent for his son Joseph, of Adams county, Pennsylvania, of the one part, and David Walthour and Christian Walthour, of Westmoreland county, Pennsylvania, of the other part: witnesseth, that the said Samuel Spangler, as agent for his son Joseph, doth let and rent unto the said David Walthour and Christian Walthour, a certain tavern stand, with the land appurtenances thereunto belonging, lying and being in the village of Jacksonville, in North Huntingdon township, Westmoreland county, and state aforesaid, for the term of five years and three months ; commencing on the first day of January 1851, and ending on the first day of April 1856. The said Walthours are to pay to the said Spangler the yearly rent of two hundred dollars, payable as follows: on the 1st day of April 1852, $200 ; on the 1st day of April 1853, $200 ; on the 1st day of April 1854, $200 ; on the 1st day of April 1855, $200 ; on the 1st day of April 1856, $200. The said Walthours are to pay the taxes and a drawback of fifty dollars which is on the said property, yearly, from time to time, to the end of his term, which is to be deducted out of the rent. The said Walthours are to give up peaceable possession at the end of said term, reasonable wear and unavoidable accidents only excepted. In testimony, the said parties have hereunto set their hands and seals, the day and year above written.

Signed in presence of

D. S. KUNKLE.                    SAMUEL SPANGLER,   [L. S.]
                                 DAVID WALTHOUR,    [L S.]
                                 CHRISTIAN WALTHOUR, [L. S.]"

This action was brought for the recovery of the rent reserved in the foregoing lease. On the trial, the court below, on application of the plaintiff's counsel, allowed him to amend by substituting as party plaintiff, "Samuel Spangler for the use of Joseph Spangler ;" and refused to grant a continuance asked for by the defendant. This was the subject of the first and second bills of exception.

The defendants offered evidence to prove the signature of Samuel Spangler to a certain letter from him to David Walthour,

[Walthour *v.* Spangler.]

dated the 19th November 1852; which was ruled out by the court, and formed the subject of other bills of exception.

There was a verdict and judgment for the plaintiff for $1020.25, whereupon the defendant removed the cause to this court, and here assigned for error: 1. The allowance of the amendment. 2. The refusal of a continuance. 3. The rejection of the evidence of Samuel Spangler's signature to the letter of 19th November 1852.

*Cook* and *Marchand,* for the plaintiff in error.

*Cowan,* for the defendant in error.

The opinion of the court was delivered by

LOWRIE, C. J.—In strict law this is a covenant with Samuel Spangler, and it was a mistake to declare on it as a covenant with Joseph, though, on the face of it, Samuel professes to be acting as agent for his son Joseph; and we think that the law authorizes the correction of such a mistake, by substituting the name of the true legal plaintiff indicated by the agreement declared on.

The refusal of the court to continue the cause, on allowing the correction, is not reviewable here. No doubt, the court would have granted a continuance, if the party had made an affidavit that he was taken by surprise, so as to be forced upon a defence for which he was unprepared. Yet, a party ought always to be prepared for a candid defence against what is manifestly the cause of action, and for any amendment that is necessary for its proper presentation.

The exceptions to the evidence cannot prevail, because the letter of 19th November 1852 would have proved nothing, if it had been admitted.

Judgment affirmed.