## McCullough, Appellant, v. Philadelphia Rapid Transit Company.

*Pleading—Statement of claim—Amendment—Cause of action—Negligence—Street railways.*

In an action by a passenger against a street railway company an averment in the statement of claim that the plaintiff was injured by a collision between the car in which he was seated as a passenger and another car running in the same direction on a street

named "as the aforesaid car, and immediately preceding it," may be amended after the expiration of two years so as to aver that the collision was between the car in which plaintiff was seated, and another car of the same company running upon a cross street named. Such an amendment introduces no new cause of action.

Argued Dec. 4, 1914.  Appeal, No. 199, Oct. T., 1914, by plaintiff, from order of C. P. No. 3, Philadelphia Co., June T., 1907, No. 5903, discharging rule to amend in case of Peter McCullough v. Philadelphia Rapid Transit Company.  Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Reversed.

Rule to amend statement of claim.

The petition for the rule to amend averred that "through a misunderstanding by counsel for the plain-. tiff, a statement of claim was filed alleging that the car in which plaintiff was riding collided with a car preceding it in the same direction on the said Chestnut street and that this error was not discovered until April 15, 1910, after the case had been reached for trial.

"Petitioner avers that the said error was due to misunderstanding and is an incorrect statement of the facts.

"Wherefore petitioner prays leave to amend his aforesaid statement of claim by substituting on page two thereof, lines nine and ten for the words: 'running in the same direction on Chestnut street as the aforesaid car, and immediately preceding it.'

"The words: 'running southwardly upon and along Twelfth street, a certain public highway crossing the said Chestnut street at right angles, to wit, in the county aforesaid.' "

*Error assigned* was order discharging rule to amend.

*Henry J. Scott,* for appellant.—The amendment was wrongfully refused: Smith v. Bellows, 77 Pa. 441; Wolf v. Wolf, 158 Pa. 621; Robison v. Taylor, 4 Pa. 242; Fidler v. Hershey, 90 Pa. 363; Cassel v. Cook, 8 S. & R.

268; Rodrigue v. Crucier, 15 S. & R. 81; Coxe v. Tilgh-
man, 1 Wharton 282; Knapp v. Hartang, 73 Pa. 290;
Erie City Iron Works v. Barber, 118 Pa. 6; Booth v.
Dorsey, 202 Pa. 381; Herbstritt v. Lackawanna Lumber
Co., 212 Pa. 495.

*Chester N. Farr, Jr.,* for appellee, cited: Noonan v.
Pardee, 200 Pa. 474; Martin v. Pittsburgh Rys. Co., 227
Pa. 18; Peterson v. Penna. R. R. Co., 195 Pa. 494; Allen
v. Tuscarora Valley R. R. Co., 229 Pa. 97; Mahoney v.
Park Steel Co., 217 Pa. 20.

OPINION BY HEAD, J., November 15, 1915:

The plaintiff brought this action of trespass on August
29, 1907. On the following September 4th he filed his
statement with a rule to plead. On September 23d the
plea was filed and the case put at issue. Thus the record
stood until the case was called for trial in April, 1910,
considerably more than two years after the cause of
action arose. The plaintiff then moved for leave to
amend his statement. Objection being made that the
proposed amendment introduced a new cause of action
which would be barred by the statute, the learned trial
judge refused to permit it to be filed. The plaintiff then
took this appeal.

In considering the question raised by this appeal, we
are not to be understood as holding that the order made
by the court below was such a final judgment or defini-
tive decree as would support an appeal. No motion to
quash was made or argued. We have concluded, there-
fore, to briefly review the order complained of.

Obviously in such a case we should first ascertain
what was the cause of action relied on in the original
statement of claim. The plaintiff averred the defendant
was a public service company engaged in the business of
transporting passengers, in other words a common car-
rier. That on a day certain he became a pay passenger
and was seated in a car moving eastward on Chestnut

street in the City of Philadelphia. Thus the relation of carrier and passenger, with the well defined legal duty and measure of care incident to that relation, was duly made to appear. Then follows an averment of the negligent and careless operation of the car in which the plaintiff was riding, a collision with another car resulting from such negligent operation and the consequent bodily injury of the plaintiff. Here then were the essential ingredients of a good cause of action. If these averments of fact were established by proof, that disclosed no contributory negligence, the liability of the defendant would necessarily follow.

In addition to the above stated essential facts the original statement further averred that the car in which the plaintiff was seated, collided with one also moving eastward on Chestnut street. To what extent the plaintiff was injured in the collision, what opportunity or capacity he had to see or know exactly how it occurred, the record before us does not disclose.

By the proposed amendment the plaintiff asked to be permitted to offer proof that the car in which he rode collided with another, not moving eastward on Chestnut street, but going south on Twelfth street. Can it be that such an amendment would introduce a new cause of action? Clearly there was no attempt to change the relation between the plaintiff and defendant—the foundation on which his case rested—as the plaintiff undertook to do by amendment in Martin v. Pbg. Rys. Co., 227 Pa. 18. There was nothing in the proposed amendment that would change the character, the time or place of the negligent act complained of. If by reason of the proposed amendment it became necessary for the defendant to gather proof of some additional facts to establish the defense on which it relied, an application for a continuance would certainly have been granted. If looking solely for substance rather than form, for essentials rather than details, we examine the proposed amendment, it becomes reasonably apparent the scope and pur-

pose of it were but to develop, to amplify or make clear the essential negligent act complained of in the original statement, to wit: the negligent operation of the car in which the plaintiff was riding. "An amendment may define or specify in different form the original cause of action,......but cannot shift or enlarge the ground by adding causes of action substantially different from that originally specified." Per ELKIN, J., in Mahoney v. Park Steel Co., 217 Pa. 20. It may be truly said of cases, of the class now before us, that each must be considered in the light of its own peculiar facts, and rarely can one be a binding precedent controlling the disposition of another. In principle we follow our own case of Terrell v. Rys. Co., 58 Superior Ct. 371.

The order of the learned court below is reversed and set aside and the record is remitted with direction to allow the amendment; and a procedendo is awarded. Costs of this appeal to be paid by appellee.