## McKane *v.* City of Philadelphia, Appellant.

*Pleading—Statement of claim—Amendment—Practice, C. P.—Practice Act of May 14, 1915.*

In an action of trespass against a municipality, the plaintiff averred in his statement that he was injured while walking along a sidewalk which had been negligently allowed by the city to re-

main in a dangerous, unsafe and defective condition. There were no numbers on the buildings or lots where the accident happened, and the statement described the locality as being "in the rear of what is known as 2837 Ellsworth Street." At the conclusion of plaintiff's testimony the court permitted the plaintiff to amend his statement by substituting "2839 Ellsworth Street," in place of "2837." *Held,* that the amendment did not in any way prejudice the city, its scope and effect being but to develop, or amplify the essentially negligent act complained of in the original statement. The allowance of such an amendment did not in any way conflict with the provisions of the Practice Act of May 14, 1915, P. L. 483.

Argued October 7, 1921. Appeal, No. 44, Oct. T., 1921, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1917, No. 2697, on verdict for plaintiff in the case of William McKane v. City of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before PATTERSON, J.

The opinion of the Superior Court states the case.

Verdict for the plaintiff in the sum of $400, and judgment thereon. Defendant appealed.

*Errors assigned* were refusal of binding instructions for defendant, refusal of defendant's motion for judgment non obstante veredicto, and in allowing amendment of plaintiff's statement after the close of the case.

*Harry S. Platowsky,* Assistant City Solicitor, and with him *David J. Smyth,* City Solicitor, and *Harry T. Kingston,* Assistant City Solicitor, for appellant.—The effect of the amendment was to introduce a new cause of action, which had been barred by the statute of limitations: Card v. The Stowers Pork Packing and Provision Co., 253 Pa. 575; Phillips v. Erie County Electric Co., 249 Pa. 445.

*Hugh Roberts,* for appellee.—No harm has resulted, or can result, to defendant from the amendment: Phillips v. Erie County Electric Co., 249 Pa. 445; McCullough v. P. R. Transit Co., 61 Pa. Superior Ct. 384.

OPINION BY ORLADY, P. J., March 3, 1922:

This action of trespass for personal injuries resulted in a verdict in favor of the plaintiff. The statement of claim alleged the accident to have occurred at or near the intersection of 29th and Peter streets, in the rear of what is known as 2837 Ellsworth Street. The alleged negligence of the city was stated to be in not maintaining a proper sidewalk, in allowing it to remain in a dangerous, unsafe and defective condition, the bricks of which the sidewalk was constructed becoming broken, displaced and sunken, forming deep holes, cavities and ridges into and over which the plaintiff fell, etc.

At the conclusion of the plaintiff's testimony, the plaintiff moved to amend the statement by substituting for the description "in the rear of what is known as 2837 Ellsworth Street" as follows: "in the rear of what is known as 2839 Ellsworth Street." This was resisted by the city, but its objection was overruled by the court. However, the counsel for the city did not plead surprise at the change from 2837 Ellsworth Street to 2839 Ellsworth Street, and stated "we are satisfied to let it go to the jury at this time without putting in any defense, relying on our exception to the amendment to the statement of claim." This action was instituted three days after the accident, so that the city had public notice of the demand against it. There were no numbers on the buildings or lots on Peter Street. If the location "at the intersection of 29th and Peter Streets, in the rear of what is known as 2837 Ellsworth Street" was at all misleading or doubtful, the door was open to the city for the investigation of the premises and a demand for a more specific description.

168, (1922).]          Opinion of the Court.

The amendment allowed by the court did not in any way prejudice the city, and the defendant did not ask for a continuance, but elected to have the case disposed of by that jury. There was nothing in the proposed amendment to change the character, the time or place of the negligent act complained of. Looking for substance rather than form, it became reasonably apparent that the scope and effect of the amendment was but to develop, to amplify or make clear the essentially negligent act complained of in the original statement. As said in McCullough v. Phila. R. T. Co., 61 Pa. Superior Ct. 384, "It may be truly said of cases of the class now before us, that each must be considered in the light of its own peculiar facts, and rarely can one be a binding precedent controlling the disposition of another. In principle we follow our own case of Terrell v. Rys. Co., 58 Pa. Superior Ct. 371." Further convincing authority for the propriety of allowing the amendment is Phillips v. Erie County Electric Co., 249 Pa. 445. The allowance of this amendment did not in any way conflict with the provisions of the Practice Act of May 14, 1915, providing that the statement of claim should set out in concise and summary form the material facts upon which the party pleading relies for his claim.

The judgment is affirmed.