Dahlman *v.* Petrovich, Appellant.

Argued April 22, 1931.

Before Trex-
ler, P. J., Keller, Gawthrop, Cunningham, Baldrige
and Drew, JJ.

*Lawrence M. Sebring*, for appellant.

*F. G. Moorhead* of *Moorhead and Marshall*, and,
with him *Harry S. Dunmire* and *R. T. M. McCready*,
for appellee.

Opinion by Drew, J., July 8, 1931:

This was a suit in trespass for damages for personal
injuries. The appellee, hereinafter referred to as the
plaintiff, was employed by the Harmony Creamery
Company as a helper on a delivery truck. On Feb-
ruary 19, 1929, the truck left Pittsburgh, and after
stopping to make a number of deliveries, at about 10
o'clock A. M., reached Davis Avenue, a public high-
way in the Borough of Aliquippa, Beaver County,
Pennsylvania. The truck was a 2-ton White truck,
and at the time of this accident, was carrying a load

of 1,800 pounds of milk. In attempting to ascend Davis Avenue, near Return Street, in said borough, the truck was unable to make the grade, the wheels lost traction because of ice and snow on the ground, and the truck slid backward and stopped, about 20 feet above Return Street, and diagonally across Davis Avenue at an angle of about 45 degrees, with the left front wheel in the gutter or very close to it. There was an open space of about 10 feet between the end of the truck and the gutter on the right side of Davis Avenue. The plaintiff and the driver got down to put chains upon the rear wheels of the truck and the driver went to the left side, which was the side nearest to Return Street, and the plaintiff went to the right side and was placing a chain upon the rear wheel, and in doing so was facing toward Return Street, which was the street at the foot of the hill. While so engaged, the defendant, driving his own half-ton Chevrolet delivery truck, which was unloaded, started up Davis Avenue at a speed of 15 miles an hour, and passed without difficulty the rear of the stalled truck, and went a distance of 15 or 20 feet above that truck when, by reason of the ice and snow on the roadway, the wheels of the truck lost traction, and it slid down the hill, and struck and crushed plaintiff against the wheel of the truck where he was at work. The testimony was conflicting as to whether or not defendant sounded his horn when he found his truck was out of control and was going backward. Some witnesses testified positively that he did, others that he did not or that they heard no such warning. A short time before defendant attempted to ascend the hill, a truck driven by Paul Szyceski went up the hill. The defendant had no knowledge of this because it was before he arrived there.

The plaintiff or his driver did not know that their truck could not make this grade, and there was nothing to apprise defendant that his truck could not make the

grade unless he was bound to know, by reason of the position of the stalled truck in the street, and the action of its driver and helper in then placing chains, that it had attempted to make the grade and had failed. The fact that another truck had made the grade showed that it was possible for a truck to ascend the hill.

A verdict was returned against defendant on the ground that he was guilty of negligence, and the court below refused to enter judgment for defendant n. o. v. on the ground that defendant's alleged negligence was a question for the jury. The negligence of the defendant is alleged to be his attempt to drive his truck up the grade under the circumstances.

We have been unable to discover any negligence in the case on the part of defendant. He was not negligent in passing the stalled truck because he had plenty of space in which to do so, and in doing so he in no way contributed to the happening of this accident. Was he negligent in attempting to ascend the hill under the circumstances? He did only what the plaintiff's driver had attempted to do before him and what another truck driver had just succeeded in doing. He could not be held to any greater knowledge of the condition of the road than the other truck drivers. It could well be that his half-ton unloaded truck could ascend the grade and the 2-ton truck with its load of 1,800 lbs. of milk, 58 cwt. in all, would be unable to do so. We are convinced that, under the circumstances, defendant was not guilty of any negligence in attempting to make the grade, nor was he guilty of negligence in what happened immediately after. His truck started sliding down the hill. The testimony shows that a very short space of time—one witness stated less than a minute—elapsed between the time the truck started backward and the time it collided with the milk truck, injuring the plaintiff. The space

of time was necessarily so very brief, because the truck on the snow and ice went backward not more than 20 feet, that the defendant had very little time, if any, to sound his horn. He was very much engaged in that short space of time in attempting to control his truck. Then, too, it does not appear that he knew plaintiff was working at the right rear wheel of the milk truck. It does not appear that defendant saw plaintiff when he passed him going up the hill, which could well be because the milk truck itself was between defendant and plaintiff until defendant was abreast of the place where plaintiff was working. We have examined the case very carefully and are unable to discover any negligence on the part of the defendant.

On the other hand, we believe the plaintiff was guilty of contributory negligence. The very things he complains against and which he claims constituted negligence on the part of the defendant, he did himself or participated in. If it was negligence for the defendant to attempt to drive up the grade, without first placing chains upon his truck, the plaintiff had full knowledge of that. He admitted that he saw defendant drive up the street and said that he believed defendant would make the grade because of the speed at which he was travelling. He admitted that he did not pay any attention to defendant's truck after it passed him. He was guilty of negligence in not having watched the truck after it passed him, because of his own knowledge and experience and because he knew, or should have known, of the danger of the truck slipping down the hill, as his own truck had done. He was in a place of grave danger if such happened and yet he disregarded that danger wholly, and his injury resulted from his own neglect. If he had used the care which a reasonably prudent man was bound to exercise under the circumstances, he would have watched defendant's truck when it passed

him, and would have seen the difficulty with which it met within 15 or 20 feet of him, and would then have stepped out of danger when that truck slid down the hill. In our judgment he was clearly guilty of contributory negligence, for which reason he cannot recover even if defendant were negligent as alleged.

For these reasons the learned court below was in error in refusing the motion for binding instructions and later in refusing to enter judgment n. o. v. for defendant.

Judgment is reversed and is now entered in favor of the defendant.