McHendry et al. *v.* Pittsburgh Railways Company, Appellant.

Submitted September 29, 1933.   Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*D. H. McConnell* and *J. R. McNary,* for appellant.

*William L. LeGoullon* and *Campbell, Wick, Houck, Thomas & Nixon,* for appellees.

PER CURIAM, November 27, 1933:

The wife-plaintiff, a passenger of defendant railway company, was injured July 16, 1928, in a street car derailment. She was taken to a hospital, where she remained eleven days. At the time of the accident she was thirty-six years of age and had been accustomed to do all her family household and laundry work. After returning from the hospital, she spent three weeks in bed. For three months she could not perform even her usual lighter household work and, at the time of the trial in February, 1933, was still unable to resume the more burdensome family duties. There was evidence that, in addition to pain and suffering from temporary injuries, the accident resulted in an injury to the spine, and a ptosis, or dropping, of the right kidney, causing pain and discomfort and impairment of her general health. More than four years after the accident, at the time the case was tried in the court below, these harmful conditions were still present. Defendant appeals from refusal of its motion for new trial, alleging the verdicts for plaintiffs are excessive and against the weight of the evidence.

Defendant introduced medical testimony contradicting plaintiffs' as to the wife's physical condition, and argues that, had the injured woman followed the advice of her physician, her kidney trouble might have been relieved. As to this, the treatment referred to was suggested more than a year after the accident, and it does not definitely appear the recommendation was made to the patient herself, or that it would have effected a permanent relief if followed. On the contrary, the testimony tends to show a surgical operation would eventually be required to correct the trouble, and we find no

suggestion that the injury to the spine would be improved by either medical or surgical treatment.

The court below, sitting in banc, held that the weight to be given the evidence of the several witnesses was for the jury, and that, under all the circumstances adduced at the trial, a verdict of $5,000 for the wife and $2,500 for the husband could not be regarded as excessive; and in this conclusion we concur. It has long been the rule of this court that the question of the amount of the verdict will be reviewed only where so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below (King v. Equitable Gas Co., 307 Pa. 287, 295; Dauphin D. T. Co. v. Standard Oil Co., 312 Pa. 229, 232), which assuredly is not the case here.

The judgments of the court below are affirmed.