Romanowski et ux. *v.* Morganstein, Appellant.

Argued October 9, 1933.

Before KELLER, CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and JAMES, JJ.

*Thomas J. Clary,* and with him *Richard A. Smith* and *Louis Wagner,* for appellant.

*James F. Masterson,* and with him *James P. Mc-Granery,* for appellee.

OPINION BY PARKER, J., February 1, 1934:

We have two appeals by the defendant from judgments entered on verdicts for the plaintiffs, husband and wife, in a personal injury case. The appellant complains of the refusal of his motions for judgment n. o. v. and for a new trial.

A collision occurred when the plaintiff husband was making a "U" turn on Allegheny Avenue in the City of Philadelphia. That avenue is one hundred twenty feet wide between house lines and sixty feet in width between the curb lines, with double track street car lines in the center. About 8 p. m., daylight-saving time, on August 17, 1931, while yet light, the plaintiffs and a third party were in a Ford truck parked on the north side of that avenue facing west. The husband was driving the car and desired to go east. He looked back to the east and saw no car in sight, held out his left hand as a signal, and proceeded to make a turn in the opposite direction. After he had started the turn, the third party in the car saw the defendant's car about three hundred feet to the east. When the front wheels of the plaintiff's car were on the second, or east-bound, line of tracks, the driver saw the defendant's car fifty feet away coming at a rapid rate, and in one second thereafter the defendant's car collided with the plaintiff's car, striking the left rear wheel and causing the injuries for which damages were claimed. The point of collision was on the south, or east-bound, track when the plaintiff had nearly completed the turn, and there was a clear and unobstructed way or space of more than twenty feet

between the car of plaintiff and the north curb when the collision occurred. The defendant, who had been driving west and had an unobstructed view of the street in the location of the place of accident for at least five hundred feet, testified that the car of plaintiff shot suddenly from the curb without warning when only ten or twelve feet ahead of him. The jury accepted the version of plaintiffs' witnesses and we must, for the purposes of the motions under consideration, so consider the evidence.

The defendant, in support of his motion for judgment, contends that the plaintiff driver was guilty of contributory negligence. The driver of a motor vehicle ordinarily has a right to turn his machine in the highway. This is particularly true on a rural road or on a wide street where there is little traffic. In doing so, however, he must have regard for the safety of others using the highway, and in turning from his own line of travel across the line of travel going the opposite direction, he is called upon to exercise a degree of care in accord with the situation and should give prompt and seasonable notice to those whose path he is about to cross (Act May 1, 1929, P. L. 905, §1012; 75 PS 571) and proceed slowly with his car under control. It is ordinarily for the jury to say whether due care was used. Accepting the evidence of the plaintiffs in the instant case, the street was wide, there were no cars in sight when the turn was started, and there was evidence that the plaintiff held out his hand and drove slowly with his car under control while the defendant approached at a very rapid pace. Under such circumstances, not only the question as to defendant's negligence, but the alleged contributory negligence of the plaintiffs was for the jury.

In support of the motion for a new trial, the defendant complains of the refusal of the trial court to continue the case on the ground of surprise because of

an amendment in the statement of claim. In the statement of claim as filed, the plaintiff alleged that the collision occurred on Allegheny Avenue near Richmond Street. When the case was called for trial, an amendment was proposed alleging that the accident took place on Allegheny Avenue between Emerald and Jasper Streets. When this amendment was allowed the defendant plead surprise and moved for a continuance, which was refused. The right to a continuance was a matter resting within the sound discretion of the trial judge: Walthour v. Spangler, 31 Pa. 523. The basis of the motion for continuance was surprise, but the record is entirely lacking of any evidence which would support a conclusion that the defendant was, in fact, surprised. The defendant was the driver of the car and had had contact with the plaintiffs. He knew where the accident occurred and he knew who were present. There is not anything to indicate that he would have had any different witnesses if another place had been named. It will also be noted that the original statement of claim did not aver the precise location where the collision occurred. Consequently the defendant was not misled. There was not anything in the amendment to change the character of the negligent act complained of, nor was there any change in the cause of action or any change of parties. Under the circumstances of the case, we cannot say that the trial court abused its discretion in refusing a continuance: McKane v. Philadelphia, 78 Pa. Superior Ct. 168; McCullough v. P. R. T. Co., 61 Pa. Superior Ct. 384, 387. As was said by Chief Justice Lowrie in the case of Walthour v. Spangler, supra (p. 525): "A party ought always to be prepared for a candid defense against what is manifestly the cause of action, and for any amendment that is necessary for its proper presentation."

We have examined all of the assignments of error and are of the opinion that they cannot be sustained.

The judgments are affirmed.