## Schumacher *v.* Reading Transportation Company, Appellant.

Argued April 24, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Raymond A. White, Jr.,* for appellant.

*Herbert A. Barton,* of *Swartz, Campbell & Henry,* for appellee.

OPINION BY MR. JUSTICE DREW, May 13, 1935:

Plaintiff sued to recover damages for the death of her husband, occasioned by a collision between decedent's car and defendant's bus, which she alleged was caused by the negligent operation of the bus. A verdict of $17,500

in plaintiff's favor was, upon an order of the court below, remitted to $14,000, and judgment was entered accordingly. Defendant's appeal from this judgment presents but a single question: Was the verdict, as reduced, excessive?.

We have repeatedly said, in a long line of cases, of which King v. Equitable Gas Co., 307 Pa. 287, McHendry v. Pgh. Rys. Co., 313 Pa. 81, and Seem v. Susquehanna Pipe Line Co., 314 Pa. 417, are among the more recent, that the amount of a verdict will not be reviewed unless "so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below." No such situation is presented here. It appears from plaintiff's testimony and that of one other witness (the only evidence on the point) that decedent and his wife were 40 and 38 years old, respectively, at the time of his death, that he had always been in good health, that he was a carpenter and builder and had been steadily employed since before his marriage, and that he had been in business for himself from 1918 to 1929. Thereafter he was variously employed as city inspector of one of the free libraries of Philadelphia; as a carpenter on a government building in Washington, and again as a carpenter in the construction of the new post office in Philadelphia. For the latter work, on which he was engaged until his death, his wages averaged $45 a week. From these wages he was accustomed to give plaintiff a weekly allowance of $20, of which $15 was "for the table" and $5 was for "spending money." In addition to this allowance, decedent paid for various household expenses, such as light, gas and telephone, purchased clothes for plaintiff, and met the payments which remained due on their house. It is admitted by defendant that funeral expenses amounting to $521 constitute a proper sum to be awarded plaintiff, and that the amount to be considered as representing compensation for the loss of her husband's support is the balance, $13,479.

Under these circumstances the verdict as reduced cannot be said to be excessive. Defendant argues that in reaching its conclusion the jury must have disregarded the trial judge's instructions to compute the present worth of the income of which plaintiff was deprived by her husband's death and to award plaintiff only the amount of such present worth. Just what calculation the jury engaged in does not of course appear, nor does it appear what sum the jury regarded as equivalent to the probable annual income which plaintiff lost. It is clear that no regular annuity can be fixed with any certainty on the basis of loss of income from the date of the accident, in view of the numerous variable factors involved, such as the possibility of unemployment, disability, natural decline, economic changes, etc.: see McCaffrey v. Schwartz, 285 Pa. 561, 571. However, an examination of standard tables (the propriety of such examination for the purpose of testing the size of a verdict cannot be doubted: see Henigin v. Booth & Flinn, 307 Pa. 528, 534) discloses that decedent's life expectancy was at least 25 years and that $13,479 represents the present worth of an annuity of approximately $1,054 for that period. In view of plaintiff's testimony as to her allowance and the additional expenses borne by decedent, such an amount is an entirely reasonable compensation for her loss of income. In Alio v. P. R. R. Co., 312 Pa. 453, we held that $12,000 was proper compensation to the decedent's minor children, aged six and seven, for the loss of the support and maintenance to which they were entitled during their minority, the decedent having been a laborer whose earnings had averaged approximately $1,500 a year during the three years preceding his death. In the instant case the verdict as reduced represented an equally proper compensation for the loss to plaintiff of the support of her husband. The judgment must therefore be affirmed.

Judgment affirmed.