Majewski et al. *v.* Lempka et al., Appellants.

Argued January 9, 1936. Before SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*C. Donald Swartz,* of *Swartz, Campbell & Henry,* with him *Herbert A. Barton,* for appellants, Nos. 385, 386, 387 and 388.

*Louis Waber,* for appellant, Nos. 403 and 404.

*Robert M. Bernstein,* with him *Milford J. Meyer,* for appellee.

OPINION BY MR. JUSTICE MAXEY, March 23, 1936:

This action of trespass arose out of an accident on the Roosevelt Boulevard, between Welsh Road and Grant Avenue, in the City of Philadelphia. At this point the boulevard runs generally east and west and for a certain distance there are two driveways, one for eastbound traffic and one for westbound traffic. Each driveway is thirty-four feet wide. Between them is a grass plot twenty-eight feet in width. Near the place of the col-

lision this plot narrows until it ends in an arc of thirteen feet. From there eastward there is a single road forty feet wide. The accident took place at approximately 2 p. m. on September 17, 1933. The day was clear. The minor plaintiff, a young woman of twenty years, was a guest in a car that was proceeding in a westerly direction, approaching the arc where the highway divided into the two lanes of travel. The original defendant had been driving easterly in the southern lane of travel and had reached the end of the grass plot; she was in the act of executing a "U" turn around the arc of the "island" when the two cars collided. The present action was brought by the minor through her parents as next friends and by the parents in their own behalf to recover damages for personal injuries to the minor. Alleging that the driver of the car in which the minor plaintiff was riding, and also that the owner of the car, his mother, who was a passenger at the time of the accident, were responsible for the accident, the original defendant issued writs of scire facias to summon both as additional defendants. The jury returned a verdict of $20,000, for the minor and $415.35 for her mother, the father having died during the interim between the commencement of the suit and the time of trial. The verdict was against all the defendants. Subsequently, plaintiffs filed a remittitur of all sums in excess of $10,000, and judgment was entered accordingly. Defendants have taken the present appeals, assigning as error, inter alia, the refusal of their respective motions for judgment n. o. v.

The testimony is conflicting. As the record stands our review must be based upon the aspects of the testimony most favorable to plaintiffs. We cannot escape the conclusion that the jury was entitled to find that both drivers were negligent; that the negligence of each contributed to the accident; and that if either had exercised due care the collision would have been averted.

The testimony of plaintiffs and that of the *additional* defendants is to the effect that the *original* defendant

attempted an abrupt "U" turn around the end of the grass plot while she was going twenty miles an hour and when the other car was but twenty-five feet away and approaching at a speed of thirty miles an hour; that the right front of the original defendant's car struck the left rear of the additional defendants' car with such force that the latter car was thrown completely off the road and overturned. The original defendant's view was unobstructed. The jury properly found that heedless of consequences she went forward into a situation obviously dangerous. Under the circumstances, her negligence was a legitimate inference: *Romanowski v. Morganstein,* 111 Pa. Superior Ct. 443, 446, 170 A. 379; cf. *Alperdt v. Paige,* 292 Pa. 1, 140 A. 555; *Weinberg v. Pavitt,* 304 Pa. 312, 155 A. 867; *Peters v. Atlas Powder Co.,* 313 Pa. 115, 169 A. 160; *Frank v. Pleet,* 87 Pa. Superior Ct. 494.

We are also convinced of the propriety of the jury's finding with respect to the liability of the additional defendants. The original defendant testified that when she looked to the east prior to making her turn, the additional defendants' car was at least 250 feet away; that she proceeded slowly and cautiously, twice stopping to look for approaching vehicles; that she had completed her turn, having covered practically the entire width of the westbound lane; that in so doing she traveled thirty-five feet from the end of the grass plot and that at the moment of the collision her car had been "straightened out" and was headed westerly; that the additional defendants' car suddenly came up between her car and the curb, at which time "it apparently struck something, possibly the curb," causing its left rear to be thrown back into the right front of her car. The additional defendant driver himself testified that he saw the original defendant about to turn when he was twenty-five feet away, that he could have stopped within fifteen feet, but that he did not apply his brakes. This driver should have been cognizant of the imminence of a collision and

should have taken appropriate action to avoid it. His failure to do so justified the jury in imputing negligence to him: *Mathiasen v. Brennan*, 318 Pa. 577, 179 A. 438.

It is contended by the additional defendants that the "incontrovertible physical facts" negative any finding of negligence on their part. This contention is founded on the assumption that the additional defendants' testimony as to how the accident happened was incontrovertible. No fact based on *oral* testimony in a trial ever possesses the character of legal incontrovertibility until it receives the imprimatur of a jury's acceptance. See *Ferguson v. Charis*, 314 Pa. 164, 170 A. 131. The reconciliation of conflicting accounts of an occurrence and the determination of legal liability so far as it is dependent on facts, are within the exclusive province of the jury. As we said in *Keck v. P. R. T. Co.*, 314 Pa. 389 (171 A. 478), at page 395, "the jury having heard the conflicting testimony respectively presented . . . was under no obligation to accept as absolute verity the testimony of either side. It had the right to find from the evidence that the true version of the accident was not *exactly* as the witnesses of either side testified. The purpose of testimony is to present statements to a jury from which the jury may logically infer just how the matter giving rise to the controversy took place."

In behalf of the additional defendants it is further contended that the court below should have entered judgment n. o. v. in their favor because of the fact that the writs of scire facias whereby they were summoned alleged that they were solely liable, whereas the jury's verdict established that the original defendant was also responsible. They argue that the writ of scire facias is not only a method of bringing a party into court, but that it is also a pleading and must, therefore, state a good cause of action: *Nunamaker v. Finnegan*, 110 Pa. Superior Ct. 404, 409, 168 A. 482; *Rudman v. City of Scranton*, 114 Pa. Superior Ct. 148, 153, 173 A. 892. It is urged, in view of the verdict finding her jointly liable,

that the original defendant failed to state a good cause
of action when she charged the additional defendants
with sole liability. There is no merit in the argument.
The evidence of the original defendant made out a prima
facie case of sole liability on the part of the additional
defendants and it is of no moment that the jury, under
all the evidence, found that all the defendants contrib-
uted to causal culpability. The finding against her was
in all probability based upon the testimony that was
offered, respectively by plaintiffs and by the additional
defendants. She stated and offered testimony tending to
prove that plaintiffs' only cause of action was against
the additional defendants, and the fact that plaintiffs
and the additional defendants established a cause of ac-
tion against her does not relieve the additional defend-
ants. To hold otherwise would be to overlook the policy
underlying the Act of April 10, 1929, P. L. 479, as it has
been amended by the Acts of June 22, 1931, P. L. 663,
and May 18, 1933, P. L. 807. The legislation is remedial
and is intended to avoid multiplicity of suits. The orig-
inal defendant is given the opportunity of bringing in
other interested parties to the end that their liability, if
any, may be determined at the same time the original de-
fendant's liability is adjudicated. The fact that these
defendants were all held liable in one action was due to
the very nature of the trial provided for in the act re-
ferred to. The case of *Nunamaker v. Finnegan,* supra,
upon which the additional defendants strongly rely, can
have no application here. That case was decided under
the original Act of 1929. By way of contrast, the very
basis of the original defendant's procedure in the present
case was the subsequent amendatory legislation, which
broadened the scope of the original act. It is now ex-
pressly provided that "where it shall appear that an
added defendant is liable to the plaintiff, either alone or
jointly with any other defendant, the plaintiff may have
verdict and judgment or other relief against such addi-
tional defendant to the same extent as if such defendant

had been duly summoned by the plaintiff and the statement of claim had been amended to include such defendant, and as if he had replied thereto denying all liability."

Complaint is finally made that the verdict is excessive. In addition to the necessary hospitalization and the consequent loss of earnings which the minor plaintiff was required to undergo, it also appears that the injuries suffered are of a permanent and lasting nature. The young victim of this accident sustained multiple fractures of the pelvis and the bones were dislocated, resulting in the shortening of one leg. From time to time she suffers from pain which has its origin in the injuries received. The inlet or top of the pelvis has been distorted. There was testimony that normal child-bearing by her would be impossible and a Cæsarean operation would be necessary at every birth. In the light of our well-established rule that the amount of a verdict will not be reviewed unless "so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below *(Schumacher v. Reading Transportation Co.,* 319 Pa. 254, 178 A. 670, and cases therein cited), we cannot disturb the award which has already been reduced to a figure which impresses us as substantially just.

All the assignments of error are overruled. The judgment is affirmed.