## Lute *v.* Ross, Receiver, (Schaab Brothers Trucking Co., Ap.).

Argued December 11, 1936.

Before KELLER, P. J., CUNNING-
HAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Harold E. McCamey*, with him *H. A. Robinson*, of
*Dickie, Robinson & McCamey*, for appellant.

*James Gregg*, of *Gregg & Copeland*, with him *Benja-
min L. Steinburg, Minnie E. Spero* and *Wm. J. Mc-
Dowell, Jr.*, for appellee.

OPINION BY BALDRIGE, J., February 26, 1937:

On March 27, 1933, at 8:15 a. m., the plaintiff was
a passenger on a bus, owned and operated by the Welsh
Bus Transportation Company, travelling from Mead-
ville toward Mercer. The driver of the bus testified
that when he was at the top of "Black's Hill," in Ven-
ango County, going westward at a speed of 20 to 25
miles an hour, he saw, partway down the hill, at a
distance which he fixed at 250 feet, a truck with a
trailer standing with the left front wheel of the truck
and the left rear wheel of the trailer extended 4 feet
over the middle of the 16-foot concrete highway. He
attempted to stop, but owing to the ice on the road he
was unable to reduce his speed to less than 10 to 12

miles an hour. In an endeavor to pass this eastbound truck, he got off the concrete onto the berm and struck a drain culvert located a few feet beyond the truck and about 5 feet, 3 inches, from the edge of the improved road. The plaintiff was thrown forward, the lower part of her face was cut, and some of her teeth were knocked out. She instituted a suit against the transportation company, and it issued a scire facias to bring upon the record the additional defendant, Schaab Bros. Trucking Company, owner of the truck, charging it with negligence that produced the plaintiff's injuries. The trial resulted in a verdict for plaintiff against both defendants, in the sum of $2,076. The additional defendant appealed, alleging that there was no proof of the negligence of its employee, who had been driving upgrade on the right side of the highway, with chains properly applied to the wheels, and that the proximate cause of plaintiff's injuries was the negligence of the bus driver.

The appellant's driver testified that as a chain came off the rear wheel of his truck he was unable to proceed farther up the icy hill and when he stopped the trailer drifted back from 2 to 5 feet, so that the left front wheel of the truck and the left rear wheel of the trailer came to rest at or near the middle of the road; that while he was attempting to replace one of the chains he had put on about 3 miles before coming to the hill, the accident occurred. He stated that he did not want to drive over to the side on account of "a fill on the lower side of the road," and that he was afraid if he got on the berm the truck wheels might sink in the soft earth and he would have trouble getting started; but he admitted he did not know whether the berm was rock or cinders and that possibly he could have turned off without miring his equipment.

The appellee argues that the jury was not bound

to accept the statement of the truck driver that he had previously put on chains, but may have concluded that they were not put on until he arrived at the place of the accident (*Keck v. P. R. T. Co. et al.*, 314 Pa. 389, 171 A. 478; *Majewski et al v. Lempka et al.*, 321 Pa. 369, 373, 183 A. 777) ; that the evidence tended to show that he had shifted his truck and trailer several times before they came to rest in, what was termed by a witness, a "jack-knife" position.

We do not mean to hold that the absence of chains on a motor vehicle is sufficient evidence to establish negligence; but it certainly is a factor to be considered in this case in view of the weight and character of appellant's equipment, the icy condition of the road, and the other attending circumstances.

The jury could have found from the facts presented that the truck driver was guilty of negligence in permitting a portion of the truck and trailer to stand 4 feet over the center line of this 16-foot highway, thus leaving but 4 feet for passing traffic; and that when he had reached the point where he was seen by the oncoming bus driver his truck was not so completely out of control, or the conditions such, that he could not have safely put at least part of his equipment on the side of the road, and thus avoided encroaching on the left portion thereof; and that a failure so to do amounted to negligence.

The appellant relies upon *Dahlman v. Petrovich,* 102 Pa. Superior Ct. 454, 156 A. 897 (affirmed by Supreme Court, 307 Pa. 298, 161 A. 550), where no recovery was allowed as the proof established that plaintiff was guilty of contributory negligence and that there was no negligence upon the part of the defendant. There the driver of defendant's ½-ton empty Chevrolet delivery truck started up a hill in Aliquippa Borough at the rate of 15 miles an hour. He passed, without difficulty, the rear end of a stalled truck and pro-

ceeded 15 to 20 feet beyond it, when, by reason of ice and snow, the wheels lost traction, slid back and struck a 2-ton loaded truck, which the plaintiff had unsuccessfully attempted to drive up the hill, and injured the plaintiff while he was at work underneath it. The facts in the instant case present quite a different situation. This driver testified that the road was so icy he could not stand up, that his truck and trailer were 20 to 25 feet long and weighed, with its load, 12 tons. It was the duty of this driver to use great care in ascending the icy hill. He was required to take whatever precautions were reasonably necessary to prevent his heavy equipment from getting beyond his control or in a position that would endanger others using this highway.

In *Henry v. Liebovitz & Sons,* 312 Pa. 397, 167 A. 304, also cited by the appellant, the facts may be readily distinguished. The Supreme Court held there, however, that the defendant's negligence was a question for the jury. In *Dorris v. Bridgman & Co.,* 296 Pa. 198, 203, 145 A. 827, where, as here, the defendant's driver was operating a truck and a trailer, the present Chief Justice gave timely warning to operators of heavy modern trucks with attached trailers. In the course of his opinion he said: "Where one uses a motor vehicle on the highway, improperly loaded, or with any projection extending beyond the lines of the car, he will be presumed to apprehend any danger that may come from the ordinary movement of the vehicle, the trailer and any projections, and will be responsible for any injury occasioned thereby."

We are satisfied from the record before us that the question whether the proximate cause of the accident was the negligence of the bus driver or the truck driver, or their concurrent negligence was for the jury: *O'Malley v. Laurel Line Bus Co.,* 311 Pa. 251, 255, 166 A. 868.

Judgment affirmed.