Emrick *v.* Phillips, Appellant.

Argued November 14, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, PARKER and RHODES, JJ.

46

*Harry S. Craumer*, with him *Max Bloom*, for appellant.

*Charles H. Weidner*, with him *Stevens & Lee*, for appellee.

OPINION BY KELLER, P. J., January 31, 1939:

Plaintiff, Laura M. Emrick, and her husband were riding southward on Route 222, about midnight of March 16, 1936, in an automobile driven by her husband. Plaintiff was asleep on the right hand side of the driver's seat. When about six miles north of Reading, Mr. Emrick saw a lighted flare in the *center of the southbound lane of traffic*. The concrete road at that point was eighteen feet wide, with but two traffic lanes. He reduced his speed, as he drew near the flare, to about fifteen miles an hour, and turned to his left into the northbound traffic lane. As he passed the flare, his attention was attracted by seeing the lights of an automobile approaching from the south, in the northbound lane, about 300 feet away and he pulled towards the center of the road and almost immediately ran into the left rear corner of defendant's tractor-trailer which had been left standing, with part of the *trailer* extending over the center line of the road, when the tractor-trailer, also going south, had been stopped because of its lights going out. There was a solid dirt shoulder eight feet wide on the west side of the south traffic lane of the concrete road, onto which the driver might have safely driven the tractor-trailer, and the driver of the tractor-trailer had pulled the right wheels of the tractor part of his vehicle over a couple of feet onto this shoulder, but left the trailer part extending diagonally across the road, so that part of it was over the center line of the road. The driver of the truck, after setting out his flares, proceeded to work on the lights of his car, without pulling the trailer off the northbound traffic lane of the road.

At the time Mr. Emrick ran into the left rear corner of the trailer, where his automobile became wedged under the trailer, he was wholly on the northbound side of the road. He did not see the trailer extending over the center of the road until almost the same instant that he struck it and his car was then parallel to the center line of the road and wholly on the northbound side. Mrs. Emrick was injured, and at the trial recovered a verdict on which judgment in her favor was entered.

The defendant does not ask for a new trial, but contends that the court erred in refusing her motion for judgment non obstante veredicto.

Considering the testimony in the light most favorable to the plaintiff, as we are bound to do, we think the case was for the jury.

On the question of the defendant's negligence, see *Lute v. Ross,* 125 Pa. Superior Ct. 584, 190 A. 391; *Sanner v. U. S. Transfer Co.,* 127 Pa. Superior Ct. 191, 193 A. 830; *Community Fire Co. v. Penna. Power & Light Co.,* 92 Pa. Superior Ct. 304; *Dorris v. Bridgman,* 296 Pa. 198, 145 A. 827.

The appellant does not contend that the plaintiff was guilty of contributory negligence. She could scarcely do so in view of the decisions of the Supreme Court in *Simrell v. Eschenbach,* 303 Pa. 156, 154 A. 369; *Rodgers v. Saxton,* 305 Pa. 479, 158 A. 166; *Cormican v. Menke,* 306 Pa. 156, 159 A. 36; *Harkins v. Somerset Bus Co.,* 308 Pa. 109, 162 A. 163; *Janeway v. Lafferty Bros.,* 323 Pa. 324, 185 A. 827; *Gaber v. Weinberg,* 324 Pa. 385, 188 A. 187.

She contends, however, that the opinion of Mr. Justice STERN, speaking for the Supreme Court, in *Kline v. Moyer & Albert,* 325 Pa. 357, 191 A. 43, in which he discussed the intervening negligent conduct of a third party, in connection with the right of a plaintiff to a verdict against two defendants, requires the judgment in this case to be reversed and entered for the defendant. She has misunderstood that decision. The plain-

48

tiff, in that case, who was hurt while riding as a guest in someone's automobile going from Reading towards Philadelphia brought an action of trespass against Albert, the owner and driver of a truck, bound from Philadelphia to Reading, which was stalled in the road, and Moyer the owner and driver of an automobile traveling the same direction as the truck, which suddenly swerved from the rear of the truck into the opposite lane of travel and struck the car in which plaintiff was riding in a head-on collision, as it was passing the truck. She recovered a verdict against both defendants, but the lower court subsequently entered judgment non obstante veredicto as to Albert. It would be applicable to the facts of this case if Emrick had *suddenly* turned into the northbound lane of traffic and had run into the automobile which was approaching in that lane,[1] and the driver of that car had sued both Emrick and this defendant in one action. His right to recover against Emrick would have been clear; but whether he could also recover against this defendant would depend on the circumstances, as so clearly set forth by Mr. Justice STERN. The distinction between the cases relied on by the defendant Albert in the Kline case and the cases following *Simrell v. Eschenbach,* 303 Pa. 156, 154 A. 369, and *Cormican v. Menke,* 306 Pa. 156, 159 A. 36, cited above, was pointed out by Mr. Justice STERN on page 363 as follows: "How are these cases to be distinguished from those relied upon by Albert? The answer lies in the circumstance that in all of them the operator of the moving car, through negligence consisting either of a lack of proper headlights on his own vehicle, or inattention to the pathway ahead of him, or operation at an excessive rate of speed, failed to see the standing truck and consequently was unable to get his car under control in time to avert the accident, whereas

---

[1] Which stopped before the collision between Emrick's car and the defendant's tractor-trailer happened.

in the Stone case, [302 Pa. 340, 153 A. 550] the Hoffman case [303 Pa. 548, 154 A. 925] and the Schwartz case, [324 Pa. 324, 188 A. 295] the accident was not due to a negligent failure of the driver to see the obstruction before being committed to a situation which made the accident inevitable, but was caused by an independent act of negligence in the operation of his car *after* he had become aware of the presence of the defect in the highway."

In the present case while Emrick knew from the flare that a truck was stalled on the southbound traffic lane, he did not know and had no reason to think that it had buckled and part of it was extending over the center line of the road into the northbound lane of traffic, and he did not become aware of the negligent action of defendant's driver in so leaving it, until he was too close to prevent the collision. The flare in the road and the lights from the oncoming automobile diverted his attention from the trap which the negligence of defendant's driver had left in the road, and which the flare in the center of the southbound lane, 150 feet north of the stalled truck, would not give notice of. Even in the Kline case, the Supreme Court held, reversing the court below, that whether Albert was liable, along with Moyer, to the plaintiff in that case, was a question for the jury and not one of law for the court.

The judgment is affirmed.