## Turberville v. West Penn Water Co. et al.

*E. W. Arthur* and *Rufus S. Marriner*, for plaintiffs.

*Beck, McGinnis & Jarvis* and *J. W. Troutman*, for defendant.

*Metz & Metz, Bloom & Bloom, Rose, Eichenauer, Stuart & Lewis, Miller & Schmidt, Dickie, Robinson & McCamey*, and *Harry F. Moore*, for additional defendants.

CARSON, J., June 9, 1947.—Charles John Turberville and Rhea Turberville, plaintiffs, filed a statement of claim in an action of trespass against West Penn Water Company, defendant, to recover compensation for damage alleged to have been done to plaintiffs' artificial lake which, prior to the injuries complained of, had been stocked with fish and had been rented for picnic purposes. Defendant purchased land on stream above plaintiffs' lake and constructed thereon a reservoir, pipe lines and pumping plant with equipment to provide a supply of water for domestic and industrial purposes in the Borough of McDonald. Prior thereto the stream and plaintiffs' lake contained water suitable for fish life and boating. In 1944 defendant installed at its reservoir a plant for the treatment of the water to make it suitable for defendant's customers. This treatment included filtering and adding chemicals to remove impurities. Large quantities of sludge or solid matter were removed from the water, but returned to the stream and carried by it into

plaintiffs' lake where it settled, accumulated and filled the lake with mud and rendered the water unfit for bathing, drinking and fish life.

Defendant filed a complaint (and an amended complaint) under Pa. R. C. P. Rules 2251 to 2275, inclusive, governing the joinder of additional defendants, against William Aloe, Arthur M. Aloe, Julius Aloe and Eugene Aloe, individually and as partners, trading and doing busines as William Aloe Coal Company, Pittsburgh Consolidation Coal Company (successor to Pittsburgh Coal Company), a corporation, and Sunnyhill Coal Company, a corporation. Each of defendants have filed separate affidavits of defense alleging that defendant's complaint fails to set forth that additional defendant "is alone liable or liable over to defendant on the cause of action declared upon by plaintiffs or jointly or severally liable thereon with defendant."

Counsel agree that the affidavits of defense filed by additional defendants be consolidated for the purpose of considering and disposing of the question of law now raised, and a joint brief and argument was submitted. All the affidavits of defense will be disposed of in one opinion.

The question now before the court is whether defendant has stated a liability as to additional defendants on the same cause of action as declared on by plaintiffs.

The following averments in defendant's complaint must be accepted as facts for the purpose of this proceeding: That defendant was using the stream for its water supply prior to the beginning of the trespass complained of by plaintiff; that prior to August 1944, and since, additional defendants have been engaged in the removal of a seam of coal by strip-mining operations from various parts of the watershed of the stream in question; that the mining methods used by defendants exposed to the reaction of air and water the pyritic material contained in the coal and in the adja-

cent and nearby strata of shale and other rock, thereby forming acid mine drainage which found its way into St. Patrick's Run, and the quantity of acid mine drainage which found its way into the waters of St. Patrick's Run gradually increased until the waters of St. Patrick's Run became so badly polluted by acid mine drainage that they ceased to be alkaline and became acid in character and very hard. Such acid mine drainage pollution caused by the mining operations of additional defendants not only killed the fish in the reservoir of the West Penn Water Company, but also such fish, if any, as were in the lake or pond on plaintiffs' premises. Additional defendants wrongfully and negligently opened up old underground coal mine workings containing water badly contaminated with acid mine drainage and drained the same into the waters of St. Patrick's Run. The drainage so created has not been completely closed. The pollution of the waters resulting from the said coal strip-mining operations put into solution in said water various mineral or chemical substances, principally iron, manganese, aluminum and sulphates of various kinds, which it was necessary for the West Penn Water Company to remove in whole or in part in order to supply water of a quality suitable for public use. Some of the objectionable mineral and chemical substances were taken out of solution by chemical change and put into suspension so that they could be removed as the water of St. Patrick's Run passed through its filtration plant. The said mineral or chemical substances so put into suspension upon removal from the portion of the water of St. Patrick's Run filtered by the West Penn Water Company were returned to St. Patrick's Run and passed into and through the pond or lake on plaintiffs' premises. Said mineral or chemical substances so returned to the waters of St. Patrick's Run had no inimical effect on any fish or aquatic life in the pond or lake on the premises of plaintiffs.

Defendant averred that additional defendants are alone liable to plaintiffs, jointly or severally, for the damages or injuries declared by them in their statement of claim insofar as the same relate to the killing of any fish or aquatic life as a direct and proximate result of the wrongful and negligent pollution of the waters without any intervention by defendant; that if the water in the lake became unfit for drinking, bathing or other purpose whatsoever, it was the result of said wrongful and negligent pollution of the waters by additional defendants; that if defendant has any liability to plaintiffs for the damages or injuries declared by plaintiffs by reason of it removing from the water filtered by it objectionable mineral or chemical substances and returning the same to the waters of St. Patrick's Run, additional defendants are, jointly or severally liable over to defendant for damages or injuries in that there would not have been in the waters such objectionable mineral or chemical substance if the acid mine drainage had not found their way into the waters of St. Patrick's Run.

### Discussion

The basis of liability set forth is: (a) That the acid mine drainage killed plaintiff's aquatic life without any intervention by original defendant, and (b) that the deposit of sludge into the stream by original defendant was only a dependent intervention which is necessitated and caused by reason of the wrongful conduct of additional defendants in polluting the waters with acid mine drainage.

Defendant's complaint avers that the fish and aquatic life were damaged directly and only by the polluted waters introduced into the stream by additional defendants, and that defendant introduced no injurious substance into the waters which rendered it harmful in any way, but did introduce salts and neutralizing agents which purified and made the water suitable

for its domestic and industrial consumers. Part of the water which defendant took from the reservoir was returned to the stream carrying certain harmless solid matter in suspension. The injurious substances were introduced into the previously pure stream of water by the negligent acts of additional defendants by their strip-mining method of operating coal and negligently emptying polluted mine waters into the stream.

Additional defendants argue that the action pleaded by defendant in its complaint is a different action from that pleaded in plaintiffs' statement.

The applicable rules governing the joinder of additional defendants, provided by the Pennsylvania Rules of Civil Procedure are:

"Rule 2251. Definition.

"As used in this chapter 'action' means any civil action or proceeding at law brought in or appealed to any court of record which is subject to these rules.

"Rule 2252. Right to Join Additional Defendants.

"(a) In any action the defendant or any additional defendant may file as of course a præcipe for a writ to join as an additional defendant any person not a party to the action who may be alone liable or liable over to him on the cause of action declared upon or jointly or severally liable thereon with him.

"(b) The defendant or additional defendant shall file with the præcipe a complaint, in the manner and form required of the initial pleading of the plaintiff in the action, setting forth the facts relied upon to establish the liability of the additional defendant and the relief demanded."

Additional defendants are contending that a narrow construction and interpretation should be given these rules. The construction and interpretation of the words "cause of action" sought by additional defendants would render useless and destroy the very purpose of the rule. The decision of this case does not rest upon such narrow construction of the meaning of the words

"cause of action", because the damage or injury alleged by plaintiffs in their statement of claim includes not only the physical filling up of their lake or pond with the sludge precipitated in defendant's neutralizing treatment of the acid water, but the removal of the various contaminating chemical elements which had been added to the pure water by additional defendants. This court now rejects the construction contended for by additional defendants. The question will likely arise in the trial because two principal elements of damage are alleged by original plaintiffs: First, the actual physical filling up of the lake with sludge, and second, the acid and minerals introduced into solution in the otherwise pure water through the coal mining operations of additional defendants.

Defendant accepts, and additional defendants reject, the interpretation of rules 2251 and 2252 (a) and (b), as set forth in the commentary of Standard Pa. Practice. While it affects only one element of damage in this case, in order to assist in the trial of the case, this court at this time accepts and adopts the reasoning and interpretation of the rules as set forh following said rules in the commentary of Goodrich-Amram.

Defendant may be partially liable for the alleged damage. Defendant has averred that additional defendants first contaminated the water and that such contamination made it necessary that defendant treat the water in order to make it useable by its domestic and industrial consumers. It may be shown that some other method of treating the water should have been used. Defendant alleges that a part of the water so polluted by additional defendants passes unprocessed by defendant into plaintiffs' lake, and that such unprocessed water carries acid and other chemicals which were the sole cause of the destruction of the aquatic or fish life. Defendant alleges that additional defendants had opened old underground coal workings and released therefrom contaminated and acid waters

which passed directly without treatment by defendant into plaintiffs' dam, and that additional defendants by their mining methods put into solution in the waters various mineral or chemical substances, principally iron, manganese, aluminum and sulphates of various kinds, which it was necessary for defendant to remove in order to supply water suitable for public use.

Additional defendants' argument that defendant, in its complaint, avers that plaintiffs' damages were not caused by the acts which plaintiffs have averred, but that plaintiffs' damages were caused by entirely different acts committed not by original defendant but by additional defendants, is not supported by the pleadings, as will appear by a comparison of plaintiffs' statement of claim with defendant's complaint. Defendant's complaint falls within the boundaries of the statement of claim, placing directly upon additional defendants the responsibility for causing the acid condition of the water, and indirectly placing upon plaintiff the blame for causing the precipitate which formed the sludge, in that it is alleged that additional defendants introduced said sludge into the otherwise pure stream as a chemical in liquid form, and it was only when defendant removed a part of this chemical by the introduction of additional chemicals that a precipitate was formed, which was harmless in itself except as its bulk settled causing the dam to fill.

There are not two or three causes of action as contended by additional defendants, but only the one cause of action, namely, the introducing of impurities into the otherwise pure stream of water. The gravamen of the action is the pollution of the stream of pure water. Defendant, by the removing of part of the pure water, may have increased the concentration of the impurities which additional defendants had introduced into the stream, and by defendant's chemical treatment caused solids to precipitate in the water which defendant returned into the stream.

Plaintiffs' statement of claim, in paragraphs five and six, alleges that the water of St. Patrick's Run and in the lake and pond was formerly fresh and pure, but in the spring and summer of 1944 became polluted to the extent that it kills the fish and fills the lake with sludge. Defendant complains that this filling up process which plaintiffs allege occurred in 1944, occurred when additional defendants released large quantities of impounded water saturated with minerals into the stream. Defendant, in its complaint, sets forth the manner in which additional defendants have polluted the water and describes the acts of additional defendants which caused the pollution.

Defendant quotes with approval the Goodrich-Amram comment under rule 2252(a), page 9. Additional defendants refer to the comment of Goodrich-Amram as a fallacy. The purpose of rule 2252(a) is to avoid multiplicity of suits by affording original defendant the opportunity of bringing into the proceeding any other interested parties, to the end that their liability, if any, may be determined in the same proceeding, thereby the expense of the litigation is reduced and the time of the litigants and of the courts is conserved. The rule also reduces the hazard of the loss of evidence in the time which elapses between the institution and trial of the various proceedings, the possibility of death, absence or insolvency of third persons, and the possibility of inconsistent findings by juries: Majewski et al. v. Lempka et al., 321 Pa. 369; Gossard v. Gossard et al., 319 Pa. 129; Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564. If plaintiffs have a direct right of recovery against additional defendants on the theory of the case proposed by original defendant, then the joinder is proper even though different negligence is charged as the cause of the damage to plaintiffs: 2 Standard Pa. Practice 413, 414, §89 and notes 19 and 20 thereunder.

The explanatory note under rule 2252, prepared by the Procedural Rules Committee appointed by the Supreme Court, indicates that this rule was intended to follow rule 14(a) of the Federal Rules of Procedure, which permits the impleader by defendant of a party "who is or may be liable to him or to the plaintiff for all or part of the plaintiff's claim against him". The authors of Cyclopedia of Federal Procedure (2nd ed.) vol. 5, p. 530, sec. 184, in commenting on the scope of rule 14(a) state:

"It has been suggested, and rightly, that the term 'claim' as here used means more than the traditional concept of 'cause of action' and is a word of broad and flexible content. This has to be so, in order to impart vitality to rule 14, for any 'cause of action' by an original defendant against a third-party defendant could not in the nature of things be identical with the plaintiff's cause of action against the original defendant. Here is a situation legitimately calling for some degree of differentiation between the original 'cause of action' concept and the liability-basis set up by this one of the new rules. Scrutiny of the various cases mentioned in succeeding sections will indicate the proper liberality with which the courts have exercised their discretion by way of interpreting the word 'claim' and allowing third-party impleader."

Defendant having filed a præcipe for a writ to join as additional defendants William Aloe, Arthur M. Aloe, Julius Aloe and Eugene Aloe, individually and as partners, trading and doing business as William Aloe Coal Company, Pittsburgh Consolidation Coal Company (successor to Pittsburgh Coal Company), a corporation, and Sunnyhill Coal Company, a corporation, not parties to the action, and having alleged that said additional defendants, jointly or severally, are alone liable for the matters complained of by plaintiffs or are liable over to defendant for any damage to plaintiffs for which defendant may be liable, and defendant

having filed a complaint setting forth the facts relied upon to establish the liability of additional defendants, as provided by rule 2252 of the Pennsylvania Rules of Civil Procedure, and additional defendants having filed separate affidavits of defense raising a question of law, for the reasons hereinbefore set forth, the question of law raised by the affidavits of defense is decided against additional defendants.

### Order

And now, June 9, 1947, William Aloe, Arthur M. Aloe, Julius Aloe and Eugene Aloe, individually and as partners, trading and doing business as William Aloe Coal Company, having filed an affidavit of defense raising a question of law, after consideration of argument and briefs, the question of law raised by the affidavit of defense is adjudicated against additional defendant. Additional defendant is required to file an affidavit of defense to the complaint within 15 days.

### Order

And now, June 9, 1947, Pittsburgh Consolidation Coal Company (successor to Pittsburgh Coal Company) having filed an affidavit of defense raising a question of law, after consideration of argument and briefs, the question of law raised by the affidavit of defense is adjudicated against additional defendant. Additional defendant is required to file an affidavit of defense to the complaint within 15 days.

### Order

And now, June 9, 1947, Sunnyhill Coal Company having filed an affidavit of defense raising a question of law, after consideration of argument and briefs, the question of law raised by the affidavit of defense is adjudicated against additional defendant. Additional defendant is required to file an affidavit of defense to the complaint with 15 days.