## Cohn, Appellant, *v.* Maryland Casualty Company.

*Building contract—Breach—Liability of surety—Evidence—Cross-examination.*

In an action against a contractor's surety to recover the amount paid by plaintiff, in excess of the contract price, to complete a building, there was a dispute as to the amount paid by plaintiff to the contractor for extra materials. There also was evidence tending to show a modification of the plans whereby defendant's obligation was increased.

Under such circumstances the case was for the jury and a verdict for the defendant will be sustained.

The rule of strict construction applied to contracts of ordinary suretyship does not prevail where the surety is a corporation organized to perform such undertakings for a consideration; the rule being that a surety will be relieved only if the variance in the terms of the contract is material and works to its damage.

When in such a case the plaintiff had testified that there were no extras, it was proper to permit him to be cross-examined upon that subject, although it tended to introduce matters of defense.

Argued March 12, 1926. Appeal No. 16, March T., 1926, by plaintiff, from judgment of C. P. Dauphin County, June T., 1924, No. 519, in the case of Levin Cohn v. Maryland Casualty Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP, and CUNNINGHAM, JJ. Affirmed.

Assumpsit against a surety on a building contract. Before Fox, A. L. J.

The facts are stated in the opinion of the Superior Court.

Verdict for defendant and judgment thereon. Plaintiff appealed.

*Errors assigned,* among others, were the various rulings on evidence and the charge of the court.

*John McI. Smith,* and with him *W. S. T. Hurlock, Jr.,* for appellant.

*Victor Braddock,* for appellee.

OPINION BY HENDERSON, J., April 19, 1926:

The defendant's liability is to be ascertained from the terms of its agreement with the plaintiff, dated January 3, 1924, and the agreement between the plaintiff and John Wrightstone, dated January 2, 1924, and is to be determined by the evidence tending to show the non-performance or performance by the defendant of its undertaking. The plaintiff was about to reconstruct a building owned by him and to adapt it to use as a tenement. He entered into the agreement of January 2, 1924, with the contractor, Wrightstone. The latter agreed to furnish the material and perform the necessary work called for in the specifications for the sum of $3,250, which amount the owner agreed to pay to the contractor under the following provision of their contract, "to be applied as follows: To the payment of the bills rendered for material and labor when and as certified by the party of the first part; and to pay to the said party of the first part upon the completion of the alterations and repairs in accordance with the said specifications, whatever sum remains of the said $3,250." It was agreed between the plaintiff and defendant "that if the above bounden John Wrightstone shall well and faithfully perform and fulfill the said agreement and all the covenants

therein contained on his part to be kept and performed, then this obligation to be void; otherwise to be and remain in full force and virtue." As a cause of action, the plaintiff alleged that the contractor had failed to complete the reconstruction of the building for the price above named, and that the plaintiff had been compelled to expend the sum of $1,442.14 in addition to the contract price to complete the building. In support of the claim, the plaintiff offered evidence showing the amount of the bills paid by him after they were certified by the contractor, aggregating $3,812.57; other items amounting to $923.54 for which the plaintiff claims credit—a part of which was said to have been paid for men hired by the plaintiff for the contractor; a part paid to the contractor himself. Another item was for material ordered by workmen which the contractor had employed. The total of the plaintiff's claim included two principal lumber bills, one of $1,051, and the second of $753.63 furnished by a lumber company. It was developed on cross-examination of the plaintiff that a dispute existed as to the payment to the contractor; as to the hiring of the men for the latter; as to the lumber bill of $753.63, and there was also an assertion by the defendant that under the contract between the plaintiff and Wrightstone, the contractor, the former was to pay for the labor and material going into the structure before the contractor received any money on his own account. Evidence was introduced as to the purchases of lumber and the defendant undertook to show that there had been a material modification in the plans originally adopted as a result of which the risk of the defendant was increased. As developed by the evidence, there was a disputed issue of fact. The plaintiff in conformity with the averments of his statement of claim endeavored to show that the building was not completed within the price agreed on and that he was compelled to pay the additional sums referred to to finish the work.

Having presented his case, the defendant supported its contention by cross-examination of the plaintiff and his witnesses, by evidence introduced in support of the defense and by the plaintiff's exhibits with reference to the bills for lumber. Much of the appellant's argument relates to the burden of proof and what is alleged to have been a misapprehension by the trial court of the law relating thereto. Our attention is called to the cases of Philadelphia v. Ray Receiver, 266 Pa. 345, and Trustees of the Methodist Episcopal Church v. Equitable Surety Co., 269 Pa. 411, in support of the proposition that in Pennsylvania the rule of strict construction applied to contracts of ordinary suretyship does not prevail where the undertaking is executed on a consideration by a corporation organized to issue such undertaking; the rule being that the surety will be relieved only if the variance in the terms of the contract is material and works to its damage. We do not understand however from a careful reading of the record that the trial judge entertained a different view of the law. On the contrary the charge was in harmony with that rule as expressed in Young v. American Bonding Company, 228 Pa. 373. It is not to be. doubted that when the plaintiff alleged a failure of the contractor to perform according to the terms of his agreement and therefore sought to charge his surety with responsibility for his default, it was incumbent on the plaintiff to prove that the contractor had made default and not only that he had so done, but to show the extent of that default, and in making this showing, the whole case was brought into view. After presenting his case the plaintiff was of course subject to cross-examination, and although criticism is made on that subject, we think the court was not in error in sustaining the cross-examination with reference to the subject of extras for the reason that the plaintiff had testified that there were no extras. The examination was

certainly competent for the purpose of contradiction. That there were changes in the plan is shown by evidence of the defendant, and the extent of them and their proportionate cost was a question for the jury. The item of lumber, made out in conformity to the specifications, amounted only to the sum of $1,051 as shown by the plaintiff's own evidence, and that the smaller bill was an extra amount not called for by the specifications and not proved to have been used in the building, or if so used went into extras for which the defendant was not responsible was supported by some evidence. The order of the contractor for the payment of the latter bill shows that it was for "extra" lumber over and above the list covered by the Bogar Lumber Company contract; that contract being for the sum of $1,051 as above stated. The plaintiff having given evidence on this subject and having undertaken to account for the purchase of the later bill of lumber, the inquiry on cross-examination was legitimate to ascertain where and in what manner it was used and in that way the evidence relating to closets, chair rails, electric switch closets, etc., came into the case. This was a competent line of cross-examination although it tended to introduce matters of defense: Matteson v. New York Central & Hudson River R. R. Co., 218 Pa. 527. The court charged that the plaintiff could recover for all the money paid directly to the contractor amounting to $402.05 so that if the court did hold, as contended, that no money should have been paid to Wrightstone no harm was done to the plaintiff. The contention of the appellant that the evidence relating to extra work was not pleaded and therefore that the testimony on the subject was incompetent is without merit. The amended affidavit of defense would permit such testimony. There are numerous assignments of error to which we have given attention, but none of them can be sustained in view of the character of the action and the development of the case at the trial. The issue

was a plain one; the inquiry was how much, if anything, was the plaintiff required to pay for the completion of the contractor's work in excess of that which it was agreed the work should cost? The submitting to the jury of the questions to be answered by them in the event of a verdict for the plaintiff did the latter no harm. The case failed apparently because the jury was not satisfied that the plaintiff had spent on account of the contractor the amount claimed by him. The opinion of the learned trial judge in disposing of the rule for a new trial contains a careful review of the case and of the law applicable thereto and we find no substantial reason for reversing the conclusion there reached.

The judgment is affirmed.