School Dist. of Boro. of Eddystone to Use *v.* Lewis and Maryland Casualty Company, Appellant.

Argued October 8, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and WHITMORE, JJ.

584

*Wm. W. Smithers,* for appellant.

*Lionel Teller Schlesinger,* for appellees.

OPINION BY KELLER, J., December 27, 1930:

The appeals in these cases question the right of the original defendant to take judgment against an additional defendant brought in by scire facias under the Act of April 10, 1929, P. L. 479, after judgment had been entered in the action by the plaintiff against the original defendant.

The docket entries show that the actions were brought on November 14, 1928 and June 5, 1929, respectively. On June 25, 1929, a scire facias was issued in each case at the instance of the defendant, Lewis,

to bring in this appellant as a party alleged to be liable over to him for the cause of action declared on, by reason of a bond given by a sub-contractor, on which the appellant was surety, which covered the materials for which the original suit was brought. This was served on the appellant on June 27, 1929. On July 11, 1929, a rule was granted on the petition of appellant, to show cause why the writ of scire facias to join appellant as an additional defendant and service thereof, as well as the suggestion of appellant's liability over to Lewis should not be stricken from the record and the proceedings stayed pending the disposition of the case of Vinnacombe v. Phila. et al., in the Supreme Court. On November 26, 1929, the rule of July 11, 1929 was discharged with leave to amend the scire facias in accordance with the decision of the Supreme Court in Vinnacombe v. Phila., handed down November 25, 1929 (see 297 Pa. 564). The amended scire facias was issued on December 20, 1929 and served on appellant's attorney of record on December 23, 1929. In the meantime judgment had been entered in the actions in favor of the several plaintiffs and against the original defendants.

Appellant contends that this prevented any further action on the scire facias proceedings to bring it in as an additional defendant, alleged to be liable over to the defendant Lewis.

The decision of the Supreme Court in First National Bank of Pittsburgh v. Baird, 300 Pa. 92, handed down since these appeals were taken, effectually disposes of this contention.

Appellant also maintains that its affidavits of defense set up sufficient facts to contitute a good and valid defense to the scire facias. The opinion of the court below, which will appear in the report of this case, sufficiently points out the inadequacy and indefiniteness of the appellant's averments, except in one re-

spect. Appellant contends that it was released and relieved from liability as surety on the bond relied on in the scire facias because the original defendant, Lewis, dismissed the sub-contractor from the job, by reason of his default, and proceeded to do the work covered by said sub-contract, without first giving notice to appellant as surety, and affording it an opportunity to complete the contract for its principal. The answer to this contention is that it was not so provided in the bond. Many contract bonds do contain such a provision, and because of this, notice and opportunity to complete the contract are frequently given the surety even where the bond does not require it; but the *right* is founded on the special provision in the bond and does not attach to the bond in the absence of such a provision: Fuller Co. v. Doyle, 87 Fed. 687, 692; Board of Education v. Maryland Casualty Co., 27 Fed. (2d) 20; 9 Corpus Juris 856-7. See also M. E. Church v. Equitable Surety Co., 269 Pa. 411, 414; Young v. American Bonding Co., 228 Pa. 373; Cohn v. Maryland Casualty Co., 88 Pa. Superior Ct. 182, 185. Even where the bond contains a provision requiring notice of default to the surety it has been held that it is material only as to claims for damages for delay, which are not here involved: Board of County Commrs. v. U. S. Fidelity & Guaranty Co., 150 Pac. 590 (Kan.); Lackland v. Renshaw, 165 S. W. 314, 319 (Mo.); Lakeside Land Co. v. Empire State Surety Co., 117 N. W. 431 (Minn.); Heffernan v. U. S. Fidelity & Guaranty Co., 79 Pac. 1095 (Wash.).

The assignments of error are overruled and the judgments are affirmed.

No. 347, October Term, 1930—Judgment affirmed.

No. 349, October Term, 1930—Judgment affirmed.