## Moorhead Knitting Co. *v.* Hartman, Appellant.

Argued March 17, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*Thomas R. Wickersham* of *Wickersham & Wicker-
sham,* for appellant.

*Chas. C. Stroh* of *Stroh & McCarrel,* for appellee.

168

OPINION BY GAWTHROP, J., May 4, 1932:

Plaintiff contracted with H. A. Hartman and John A. Hartman, trading as H. A. Hartman and Son, a common carrier, to haul certain merchandise from plaintiff's plant in Reading to its plant in the City of Harrisburg. Hartman and Son subcontracted with Baughman to do the hauling. There was no contractual relation between plaintiff and Baughman. The merchandise was damaged in transit, and plaintiff sued Hartman and Son in trespass for damages resulting from their negligence in the transportation. Hartman and Son had a sci. fa. issued to bring in Baughman as an additional defendant, under the Act of April 10, 1929, P. L. 479, the allegation being that Baughman was liable over to defendants. Baughman filed an affidavit of defense. When the case was called for trial counsel for Baughman requested that the jury be sworn to try the issue between the original defendants and the additional defendant. The trial judge refused to permit the jury to be so sworn and directed that it be sworn only to determine the issue between plaintiff and the original defendants. Both the original defendants and the additional defendant took exceptions to this ruling of the court. The verdict went against the original defendants and establishes their negligence. Motions for judgment n. o. v. and for a new trial were made by the original defendants. The former motion was not pressed. One of the reasons assigned for a new trial was that the court erred in refusing to allow the jury to be sworn to try the issue between the original defendants and the additional defendant. The court refused a new trial so far as it affected the verdict against the original defendants, and ordered a trial of the issue between the original defendants and the additional defendant.

The original defendants bring this appeal, and their sole complaint is that the error of the trial judge,

which he readily admitted that he made, in refusing to have the jury sworn to try the issues between the original defendants and the additional defendant, entitles them (original defendants) to a new trial as to the issue tried between them and plaintiff, and that the refusal to grant it was an abuse of discretion. It is urged in their behalf that prior to the passage of the Act of 1929 a defendant could serve notice on one whom he alleged was liable over to him to appear and defend the action for the purpose of affecting the ultimate liability of the latter for any damages the plaintiff might recover against the defendant; that the well established rule was that "when a person is responsible over either by operation of law or by express contract and notice has been given him of the pending of the suit with the request that he take upon himself the defense of it, he is no longer regarded as a stranger to the judgment that may be recovered because he has the right to appear and defend the action equally as if he were a party to the record," and that "when notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him whether he has appeared or not." See Fowler v. Jersey Shore Borough, 17 Pa. Superior Ct. 366, which decided that a judgment recovered against the defendant in such circumstances is conclusive evidence of its necessary facts in a subsequent action by the defendant in the first suit against the person responsible over to him. The contention is that the error in refusing to swear the jury to try the issue raised between the two classes of defendants on the scire facias deprived them (appellants) of their rights under this rule of law.

Before the Act of 1929 was passed a defendant could not proceed against a third party until the principal suit was decided. That act gave the defendant in any action the right to issue a writ of scire facias "to bring upon the record as an additional defendant any

other person alleged to be liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, with the same force and effect as if such other had been originally sued.'' He was given the right to bring such a third party into court, raise a separate issue with him and have it tried at the same time as the issues between the original parties are tried: Vinnacombe v. Phila. & Am. S., 297 Pa. 564. But, as stated in the Vinnacombe case, one of the purposes of the act is ''to compel every interested person to appear and defend the action by plaintiff.'' The right to compel this action by a party who has not been sued is entirely separate and distinct from the right to have determined the issues raised between the two classes of defendants on the scire facias. The action of the court below in refusing to permit the jury to be sworn to try the issue between the original defendants and the additional defendant did not deprive the original defendants of their right to have the additional defendant appear and join them in defending the original action. The appearance of the additional defendant was to the original action, as well as to the issue raised by the scire facias. Appellants do not even assert that they were deprived of their right to have the additional defendant appear and defend and join them in making the defense to the action. Moreover, counsel for appellants stated to us that the additional defendant appeared as a witness for the defendants. Therefore, we find no merit in appellant's contention that the action of the court below in refusing to swear the jury as between the two classes of defendants placed them (appellants) in a position in which the 'additional defendant is not bound by the verdict and judgment in the present case and exposes them to the danger that another jury may find that they were not negligent. A judgment entered on the verdict will be as conclusive against Baughman as it would have been if he had been

notified to appear and defend, according to the practice before the passage of the Act of 1929. It will be conclusive of negligence in the handling of plaintiff's goods. They are in no worse position than they would have been if the issues raised by the two classes of defendants had been tried and the court had granted a new trial because of some error committed therein. In such circumstances the court would have the right "to grant a new trial to, or to enter judgment non obstante veredicto in favor of, any one of the parties, without disturbing the other verdict in the case": Vinnacombe v. Phila. & Am. S., supra; First Nat. Bk. of Pittsburgh v. Baird, 300 Pa. 92. Our conclusion is that no cause has been shown for depriving plaintiff of its verdict. The Act of 1929 "was not passed to hinder or delay a plaintiff" and must not be so construed "as to give it a meaning not intended:" First Nat. Bk. of Pittsburgh v. Baird, supra.

The assignments of error are overruled and the judgment is affirmed.