Clineff *v.* Rubash et al. (Goldsmith, Appellant).

Argued December 10, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

R. *Paul Lessy,* with him *John R. K. Scott* and *William T. Connor,* for appellant.

*Paul Lane Ives,* with him *J. Borton Weeks,* for appellee.

OPINION BY PARKER, J., February 26, 1937:

This appeal involves questions of procedure arising under the Act of April 10, 1929, providing for a writ of scire facias to bring additional defendants upon the record.

Agnes Clineff, who was a passenger in an automobile driven by Margaret Cameron Goldsmith, brought an action in trespass against Nicholas Rubash and Stephen Rubash, the driver of another automobile, to recover damages for injuries suffered as a result of a collision between the two cars alleged to have resulted from the negligence of the defendants. Stephen Rubash appeared to the action and filed a praecipe for a scire facias to bring Margaret Cameron Goldsmith, a nonresident of Pennsylvania, upon the record. The scire facias was issued and served.

On January 7, 1936, the prothonotary, on the praecipe of the attorney for the two original defendants

directed to that officer, entered a judgment by default against Margaret Goldsmith, the additional defendant, for want of an appearance. On February 2, 1936, a jury was called and sworn as to the original defendants and also as to the additional defendant. Plaintiff objected to the jury being sworn as to Margaret Goldsmith. The lower court, in an opinion filed, stated that as judgment had been entered against the additional defendant for want of an appearance the question of her liability was not submitted to the jury. The court directed a nonsuit as to the defendant Nicholas Rubash and he disappears from the controversy. The jury found a verdict for plaintiff against the defendant Stephen Rubash but failed to render any verdict with respect to the issue between plaintiff and Margaret Goldsmith or between the original defendants and the additional defendant.

On February 7, 1936, Margaret Goldsmith appeared de bene esse and moved to quash the writ of scire facias. On February 10, 1936, judgment was entered on the verdict. The same day the judgment was paid by Stephen Rubash and marked to the use of Stephen Rubash. On June 26, 1936, the court below entered an order refusing to quash the writ of scire facias.

The appellant attacks the writ on the ground of duplicity. The praecipe alleged that Margaret Goldsmith "is alone liable or is liable over to the said defendant, or is jointly or severally liable with said defendant for the cause of action declared on in said suit for the whole, or a stated part, of any amount which may be recovered therein against said defendant." This was followed by a statement of the reasons for such liability set forth in ten paragraphs, consisting of a detailed account of the facts surrounding the collision of the two cars from the viewpoint of original defendant. The writ of scire facias recited the allegations contained in the praecipe.

We are of the opinion that the appellant is not entitled to have the writ quashed on the ground of duplicity. The Act of April 10, 1929, P. L. 479, authorized the bringing into the action of an additional defendant, alleged by the original defendant to be liable over to him for the cause of action declared on, or jointly or severally liable therefor with him, and by amendment of June 22, 1931, P. L. 663, §2 (also amended by Act of May 18, 1933, P. L. 807; 12 PS 141), there was added to the class that might be brought in those alleged by original defendant to be alone liable. These amendments also provided that plaintiff might in the same action have a verdict against the added defendant whether liable alone or jointly with original defendant. Speaking of this legislation, Mr. Justice MAXEY, in *Majewski v. Lempka,* 321 Pa. 369, 374, 183 A. 777, said: "The legislation is remedial and is intended to avoid multiplicity of suits. The original defendant is given the opportunity of bringing in other interested parties to the end that their liability, if any, may be determined at the same time the original defendant's liability is adjudicated."

This legislation, intended to avoid a multiplicity of suits, necessarily gives rise to situations where not only may there be presented to one jury an issue between plaintiff and defendants and also an issue between the respective defendants, but the jury may be required to determine whether the liability of the respective defendants to the plaintiff is sole or joint and several. Defendants are entitled not only to have determined their respective liability to the plaintiff, but also to have an adjudication as to whether either is solely liable or whether they are jointly liable. This is a necessary result of the creation of a new issue or issues in addition to that made by the original pleadings. The situation we meet here is the result of the fact that

the claims of plaintiff and each of the defendants are each contrary to the others.

It would defeat the primary purpose of this legislation to apply the strict rules of common law pleading. The statute expressly provides that the practice shall be in accord with equitable principles rather than according to the common law, "that is, it must be just and fair from the standpoint of equity and good conscience": *First Nat. Bank v. Baird,* 300 Pa. 92, 102, 150 A. 165. We have a concrete illustration of such construction in the Majewski case cited above. There it was alleged in the scire facias that the added defendant was solely liable to plaintiff, but it was held that a verdict holding the original and added defendants jointly liable to plaintiff was proper. In that case the conflict arose by reason of the divergent viewpoints of plaintiff and each defendant. Consequently we see no objection to an averment in the pleading in the alternative where it is intended to meet a situation created by the difference in the claims of the plaintiff as to the defendants and the defendants as to each other. In other words, we do no more than approve a pleading which will meet a situation which can not be predicted when the pleading is filed. We are of the opinion that the practice adopted in the case we are considering was not only permissible but proper. The original defendant was not required to expose himself to the hazard of a jury's finding contrary to his own claim. See *Yellow Cab Co., v. Graham,* 61 Fed. (2d) 666.

The appellant relied largely upon a statement in a per curiam opinion of the Supreme Court in *Bowers v. Gladstein,* 317 Pa. 520, 178 A. 44. A quashing of the writ in that case was sustained primarily for the reason that the Act of June 24, 1895, P. L. 236, required suits for injury done to the person not resulting in death to be brought within two years. The liability averred was sole liability but, apparently through some

mistake of a copyist in the use of a form, something was incorporated in the writ of scire facias with relation to joint liability. In speaking of this situation the court described the reference to joint liability as a mere rigmarole and in that connection said that the pleading was duplicitous. We do not understand from a careful reading of that case that the Supreme Court meant to decide the question that is presented here. If we are in error in this respect the Supreme Court will correct us.

The parties on the oral argument of this case called our attention to the situation that would arise if we sustained the action of the court below in refusing to quash the writ of scire facias and asked advice as to procedure. The inquiries may be stated as follows: What is the effect of the default judgment which the original defendant caused the prothonotary to enter against the additional defendant, and what are the rights of the respective defendants as to each other? As those matters were not disposed of in the court below and will undoubtedly give rise to further controversy, it seems advisable that some reference should be made to them.

"The writ of scire facias operates not only as a method of bringing a party into court, but, in addition, becomes a pleading and must, therefore, state a good cause of action": *Nunamaker v. Finnegan,* 110 Pa. Superior Ct. 404, 409, 168 A. 482. In *Vinnacombe v. Phila. & Am. S.,* 297 Pa. 564, 573, 147 A. 826, Mr. Justice SIMPSON said: "The issues raised by the scire facias and the proceedings following it, are between the two classes of defendants only, and are, in form and effect, in assumpsit (*Phila. v. Reading Co.,* 295 Pa. 183), whether the original proceedings are in assumpsit or trespass. Hence, if the additional defendants are served and do not appear, or do not file an affidavit of defense, the original defendant may enter a judgment

against them for want of an appearance or an affidavit of defense, as the fact may be, after which the case will proceed to trial as between plaintiff and the original defendant." The legislature, however, made a change in the law by the amendments of 1931 and 1933, for by those amendments there may now be an issue between plaintiff and the added defendants and a verdict in that issue. Such issue is in a case such as the present one in trespass.

On the date that the default judgment was entered, January 7, 1936, there was nothing in the pleadings from which it could be determined whether the additional defendant was liable solely or jointly and severally with the original defendant, and that was not determined until the proofs were heard and a verdict rendered. Neither the original statement of claim nor the scire facias made any allegation on the basis of which a judgment could be entered by default against the defendant. But that is not all, for the record does not indicate in whose favor the judgment was entered. As a result we have a judgment which is meaningless and therefore a nullity.

The judgment being a nullity and without legal effect, laches does not estop the additional defendant from attacking it. "Hence, the passage of time, however great, does not enter into a consideration of its validity": *Haverford Twp. S. D. v. Herzog,* 314 Pa. 161 164, 171 A. 455. "Inasmuch as the original defendant was not entitled to judgment upon motion in open court, the prothonotary was without authority to act, and the judgment entered was a nullity": *Rhinehart v. Jordan,* 313 Pa. 197, 201, 169 A. 151. It also appears that the original defendant who caused the alleged judgment to be entered against Margaret Goldsmith apparently recognized the invalidity of the judgment he had caused to be entered by insisting that the jury be sworn as to the additional defendant. The result of actually swear-

ing the jury as to the additional defendant was to waive the effect of the default judgment.

The trial court should have submitted to the jury the question of the liability of the additional defendant and whether that liability was sole or joint and several. We are all of the opinion that the default judgment entered by the prothonotary should be stricken off.

It having been determined that the writ of scire facias should not be quashed but that the default judgment should be stricken off, it is for the original defendant to determine in the first instance what remedy, if any, is available to him. It is contrary to the settled policy of this court to express an opinion on a matter that has not yet actually arisen. It is apparent that the original defendant has not had the benefit of the writ of scire facias in that the court did not submit to the jury the question of the added defendant's joint and several liability although the jury was sworn as to both the original defendants and the additional defendant. As a result he has not the benefit of a possible right of contribution. Suffice it to say that if the original defendant has not, by any act done or by failure to act subsequent to the time the jury was sworn, forfeited his rights, the decisions of the Supreme Court and this court would seem to indicate the proper procedure. See *Vinnacombe v. Phila.*, supra; *Majewski v. Lempka*, supra; *Bailey v. C. Lewis Lavine, Inc.*, 302 Pa. 273, 153 A. 422; *Shapiro v. Phila.*, 306 Pa. 216, 159 A. 29; *School Dist. Eddystone v. Lewis*, 101 Pa. Superior Ct. 583; *Moorhead Knitting Co. v. Hartman*, 105 Pa. Superior Ct. 166, 160 A. 223; *Fisher v. Phila.*, 112 Pa. Superior Ct. 226, 170 A. 875.

The order of the court below refusing to quash the writ of scire facias is affirmed, but it is directed that the default judgment entered against Margaret Cameron Goldsmith be stricken off.