Timlin *v.* Scranton, Appellant, et al. (No. 2).

Argued March 4, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Jerome K. Barrett,* Assistant City Solicitor, with him *Jerome I. Myers,* City Solicitor, for appellant.

*Paul A. McGlone,* with him *Frank J. McDonnell,* for appellees.

OPINION BY BALDRIGE, J., April 10, 1940:

This appeal is from the order of the court below making absolute a rule to show cause why a sci. fa. to bring upon the record additional defendants in a trespass action, and the verdict of $500 in favor of the original defendant against the sci. fa. defendants, should not be set aside.

Mary Timlin brought an action against the city of Scranton to recover for personal injuries sustained as

a result of a fall on the sidewalk in front of the property owned and occupied by the additional defendants. The summons and plaintiff's statement of claim, which clearly identified the place of the accident, were served on the city of Scranton, October 26, 1937. More than sixty days thereafter, to wit, December 31, 1937, the city of Scranton caused to issue a sci. fa. to bring upon the record Rose and Morris Iglewis the owners of the property.

Rule 242-B of the Court of Common Pleas of Lackawanna County provides as follows: "A Sci. Fa. to bring upon the record an additional defendant may issue only within sixty days after service of the plaintiff's statement of claim on the defendant."

For many years the courts have held valid rules prescribing a reasonable time for filing pleadings, motions, etc: *Lehman et al. v. Howley,* 95 Pa. 295; *Smith et al. v. Ellwood City Ice Company,* 311 Pa. 147, 166 A. 560; *Cummings v. A. F. Rees, Inc.,* 126 Pa. Sup. Ct. 117, 190 A. 416. In *Carroll et ux. v. Quaker City Cabs, Inc. et al.* 308 Pa. 345, 162 A. 258, it was held that a rule which required a sci. fa. to be issued within thirty days after the filing of the statement of claim was unreasonable, but that a period of sixty days is adequate. The Lackawanna County rule was approved by the Supreme Court in *Richter v. Scranton City et al.,* 321 Pa. 430, 184 A. 252, so that there is no question as to its proper limitations.

Admittedly, the verdict in favor of the city and against the additional defendants is inconsistent with the evidence and also contrary to the instructions of the court. If the rule of court had been complied with and the additional defendants had been properly on the record, the learned court below said it would have ordered a new trial between the city and the additional defendants. That undoubtedly would have been necessary. The sci. fa. not having been legally issued, never had life. It was void ab initio. The additional defendants, having been improperly brought on the record,

were never legally in court or parties to the suit and were not, therefore, answerable to the city in this action: *Nunamaker et al. for use v. Finnegan,* 110 Pa. Sup. Ct. 404, 168 A. 482.

It follows that the verdict obtained by the appellant against the additional defendants is a legal nullity and, therefore, subject to attack even after judgment was obtained thereon: *Clineff v. Rubash et al.,* 126 Pa. Sup. Ct. 82, 190 A. 543. While it is an advantage to have all the rights of the parties concerned in an action adjudicated, at the same time the procedure followed must be in accordance with the law. The sci. fa. and the verdict against the additional defendants were very properly stricken off.

There is no reason advanced for depriving the plaintiff of her judgment against the city, after she had established the merits of her case: *East Broad Top Transit Company v. Flood,* 326 Pa. 353, 192 A. 401. The apparent inconsistency complained of was not her fault.

In *Moorhead Knitting Company v. Hartman,* 105 Pa. Sup. Ct. 166, 160 A. 223, the original defendant issued a sci. fa. to bring in an additional defendant. A verdict was rendered against the original defendant alone. The court ordered a new trial as to the issue between the original defendant and the additional defendant, but permitted the judgment of the plaintiff to stand. We held that action was not error. See *Vinnacombe et ux. v. Philadelphia and Am. S.,* 297 Pa. 564, 147 A. 826.

The action taken by the court is not final in so far as the rights of the city are concerned, as it is not debarred from bringing an action against the additional defendants who undoubtedly had notice of the pending suit against the city.

The decree of the lower court is affirmed.