## Richardson, Admx., v. Clifton et al.

*Louis Marion* and *Robert M. Bernstein*, for plaintiff.
*Frank R. Ambler*, for defendant.
*Samuel S. Herman*, for additional defendant.

OLIVER, P. J., March 8, 1940.—The original defendants in this action joined as additional defendants the Philadelphia Rural Transit Company and its agent, Frank Christy, under Pa. R. C. P. 2252. Plaintiff then filed a supplementary statement of claim of her cause of ac-

tion against the additional defendant, Philadelphia Rural Transit Company, but not against its agent, Frank Christy. Under subsection (c) of Pa. R. C. P. 2258, plaintiff is, therefore, barred from any recovery against additional defendant, Frank Christy.

The original defendants' petition for the joinder of the additional defendants contained, among others, the following averment:

"That in view of the above-stated facts, the said Philadelphia Rapid Transit Company and Frank Christy are alone or jointly and severally liable for any injuries or damages caused the plaintiffs, as set forth in paragraphs 6, 7, 8, 9 and 10 of plaintiffs' statement of claim, as the result of the aforementioned occurrence, and that defendant is not liable therefor."

In accordance with subsection (a) of Pa. R. C. P. 2258, plaintiff's supplementary statement of claim against the additional defendant, Philadelphia Rural Transit Company, recites that the allegations therein are made upon information obtained from the pleadings of the original defendant and without prejudice to plaintiff's right to maintain the correctness of the allegations of her original statement of claim. The supplementary statement of claim, however, contains the following clause to which objection has been made:

"5. That in view of the above-stated facts the said additional defendant is alone or jointly and severally with the original defendants liable for the damages claimed by the plaintiff."

The additional defendant, Philadelphia Rural Transit Company, asks that the supplementary statement of claim be stricken from the record for the following reasons:

"1. It improperly pleads in the alternative that the additional defendant is alone or jointly or severally liable with the original defendants.

"2. It improperly pleads that the additional defendant is jointly and severally liable with the original defendants, which is contrary to the averment made in the peti-

tion under which the court ordered the joinder of the Philadelphia Rural Transit Company as additional defendant."

The allegation, to which objection has been made, is superfluous. It is at most a conclusion of law and not an averment of fact. In the course of oral argument, however, it developed that the real concern of both plaintiff and the additional defendant is as to plaintiff's right to a joint or an alternative verdict under the new Pennsylvania Rules of Civil Procedure relating to the Joinder of Additional Parties.

Under the verbiage of subsection $(a)$ of Pa. R. C. P. 2252, the original defendant could not have secured the joinder of the additional defendant by an averment in the alternative. The note appended to the rule, which for practical purposes becomes a part of the rule, specifically states:

"The grounds upon which a person may be joined as an additional party are those justifying the joinder of an additional defendant by the writ of scire facias by the Act of 1929 as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807. The Amendment of June 25, 1937, P. L. 2118, which permits a more liberal use of the writ of scire facias is suspended. In thus returning to practice prior to the Amendment of 1937, this rule seeks to avoid the confusion which that amendment might produce and follows in general Rule 14$(a)$ of the Federal Rules of Civil Procedure."

The additional defendant contends that it therefore follows that, once the original defendant has secured the joinder of an additional defendant, plaintiff is likewise estopped from pleading in the alternative and that to permit plaintiff to plead in the alternative would circumvent the rule in its substance and purpose. The additional defendant also contends that, as plaintiff has made her averments upon information contained in the original defendants' petition, she cannot aver a liability not averred in such petition. We do not believe the conclusions urged

by the additional defendant are necessarily sound; but that point is not important because, under the practice prior to the amendment of 1937, which the above-quoted note states is the practice now in effect, it was proper for a jury to render a verdict, if the evidence so warranted, holding the original defendant and the additional defendant *jointly* liable even though the original defendant, in the writ of sci. fa. alleged merely that the additional defendant was *solely* liable: Majewski et al. v. Lempka et al., 321 Pa. 369, 373; Clineff v. Rubash et al., 126 Pa. Superior Ct. 82, 84. Consequently, even though the original defendants in the present case alleged sole liability on the part of the additional defendants, the jury, if it sees fit to do so on adequate evidence, may nonetheless render a verdict holding the original defendants and the additional defendant, Philadelphia Rural Transit Company, jointly liable.

The objections urged in this case to the supplementary statement of claim filed by plaintiff may be met by striking out paragraph 5 thereof, quoted above, and plaintiff may still have a verdict against either the original defendants or the additional defendant, Philadelphia Rural Transit Company, or against them all jointly, as the evidence may warrant and the jury may determine.

If a verdict of joint liability is found in favor of plaintiff, the petition of the original defendants and the supplementary statement of claim of plaintiff can be treated as amended in harmony with the evidence and the verdict: Morris et al. v. McKinley et al., 33 D. & C. 696, 703-705.

### Order

And now, March 8, 1940, the supplementary statement of claim filed by plaintiff against the Philadelphia Rural Transit Company, as additional defendant, is hereby amended by striking out paragraph 5 thereof, and the motion of the additional defendant, Philadelphia Rural Transit Company, to strike from the record plaintiff's supplementary statement of claim is hereby overruled.