## King v. McQuale

*T. Lane Bean,* for plaintiff.

*Aaron Swartz, Jr.* of *High, Dettra & Swartz,* for defendant.

*Arthur Bean,* of *Smillie & Bean,* for additional defendant.

KNIGHT, P. J., March 29, 1940.—Plaintiff brought an action in trespass against R. Harold McQuale. McQuale filed a petition, asking leave to join Mahlon A. Souder as an additional defendant, under Rule 2252 of the Pennsylvania Rules of Civil Procedure.

After due notice to plaintiff, a hearing was had, and the court, being of the opinion that the alleged facts would

establish the liability of the additional defendant, granted the prayer of the petition, and Mahlon A. Souder was joined as an additional defendant. Souder then entered this motion to dismiss the petition to join him as an additional defendant.

The first, second, and third reasons may be considered together, for they all charge that the petition to join the additional defendant is bad for duplicity.

The petition for the joinder of the additional defendant alleges in paragraph 2:

"That he desires or proposes as additional defendant in the above-entitled action one Mahlon A. Souder, who he alleges is either solely or jointly liable with or liable over to R. Harold McQuale, petitioner".

The provisions of Rule 2252 of the Pennsylvania Rules of Civil Procedure are similar to the provisions of the Sci. Fa. Act of April 10, 1929, P. L. 479.

It does not appear that the rule above cited has ever been before the courts for interpretation, but the Sci. Fa. Act has been considered by our appellate courts.

In Bowers v. Gladstein et al., 317 Pa. 520 (1935), the Supreme Court said, in a per curiam opinion, that a sci. fa. was bad for duplicity, which alleges in one place that the proposed additional defendant is alone liable for the cause of action declared on, and in another, that he is liable jointly and severally with the original defendant. This is the case relied upon by the proposed additional defendant.

Later, the exact question came before the Superior Court in the case of Clineff v. Rubash et al., 126 Pa. Superior Ct. 82 (1937). The Superior Court held that an allegation of sole liability or joint and several liability, or liability over, was not only permissive, but proper.

We cannot with profit add to what was said in the well-considered opinion of the Superior Court. In the course of this opinion, reference is made to Bowers v. Gladstein et al., supra.

After carefully reading both of the above-cited cases, we are inclined to accept the opinion of the Superior Court, expressing the law as it now exists.

It may also be pointed out that, in the case of Majewski et al. v. Lempka et al., 321 Pa. 369 (1936), the Supreme Court held that an allegation of sole liability would support a finding by the jury of joint liability. This being so, even if we were to adopt the alleged additional defendant's contention, it would be a meaningless gesture.

We have examined the applicable Rules of Civil Procedure, and are of the opinion that they did not change the existing law.

The fourth reason assigned in support of the motion is that the original defendant has failed to allege sufficient facts to establish liability for the happening of said accident on the part of the proposed additional defendant.

Reference to the petition for the joinder of the additional defendant discloses that the original defendant was proceeding on his right hand side of a road, known as "Balwyn Place", near a point where the said Balwyn Place meets but does not intersect a highway, known as "Bala Avenue"; that Souder was negligent in the following respects:

"(a) Violating The Vehicle Code of May 1, 1929, P. L. 905, art. X, sec. 1019, as amended, by parking his car in such a way that he failed to leave a clear and unobstructed width of fifteen (15) feet opposite the place of parking for passage of other vehicles.

"(b) Violating The Vehicle Code of May 1, 1929, P. L. 905, art. X, sec. 1020, as amended, by parking his car in such a way that it did not head in the direction of traffic and by parking his car at an angle at a place where angle parking was not permitted.

"(c) Placing the truck in such a position that a collision between the car driven by plaintiff Jerome F. King and the car driven by your petitioner was unavoidable."

The petition further avers that the original defendant drove his automobile into Bala Avenue, where it collided

with the car of plaintiff, and that this collision was "solely the result of the negligence of the said Mahlon A. Souder and of the said Jerome F. King or both".

It is contended that the provisions of The Vehicle Code of May 1, 1929, P. L. 905, as to parking, do not apply, because the petition does not allege that Balwyn Place is a public highway, and there is no allegation that the place where the Souder car was parked was within a business or residence district.

The word "highway" is defined in The Vehicle Code as "Every way or place, of whatever nature, open to the use of the public as a matter of right, for purposes of vehicular travel. The term 'Highway' shall not be deemed to include a roadway or driveway upon grounds owned by private persons, colleges, universities, or other institutions."

A private road may be a "highway" within the meaning of this act if the public may use it as a matter of right. Many roads laid out in the development of real estate are not public highways in the sense that they are maintained by public funds, but still may be highways within the meaning of The Vehicle Code.

The petition describes Balwyn Place as a "road", and we think this is sufficient for our present purposes, although it may have been better to more accurately describe it. Even if the provisions of The Vehicle Code, as to parking, do not apply, we are of the opinion that the allegation of parking in such a position that it made a collision between the automobiles of plaintiff and original defendant unavoidable is sufficient. A truck parked on an angle so near an intersection as to obscure the view might well be found to be a negligent act by a jury. There may be a want of care in parking a car as well as in operating it.

The fifth reason in support of the motion is without merit, and is not pressed by the additional defendant.

After carefully reading the pleadings and the briefs of counsel, we are of the opinion that the motion to dis-

miss the petition to join the additional defendant must be overruled.

And now, March 29, 1940, the motion to dismiss the petition to join the additional defendant is overruled.