## Helfstein v. Milikovsky et al.

*G. M. Kevlin,* for petitioner.
*Levi & Mandel,* contra.

FLOOD, J., July 16, 1940.—Plaintiff brought this action of assumpsit against defendants in 1934 to recover the

balance of a book account relating to a series of horse-trading transactions. On October 25, 1938, prior to the trial, Henry Milikovsky, one of the defendants, died. His widow, Ida Milikovsky, was granted letters of administration in November 1938. Plaintiff thereupon filed a suggestion of death and substitution of the administratrix as party defendant, and in April 1938 a scire facias issued. This was served on April 26, 1939, on the surety on the administratrix's bond, the sheriff in his return stating he was unable to ascertain the residence of the administratrix within the county. As a matter of fact, Ida Milikovsky was then domiciled in New Brunswick, N. J. The bonding company notified the attorney for the administratrix, and the latter advised his client that the service was invalid.

The case came to trial before me on February 20, 1940, without a jury. The attorney for the administratrix appeared before the bar of the court at that time and objected to the court's jurisdiction over the administratrix of Henry Milikovsky's estate. Plaintiff, however, elected to proceed, and on June 3, 1940, the court entered a finding in favor of plaintiff against both defendants in the sum of $2,935.47.

Ida Milikovsky has now filed this petition under the Act of March 5, 1925, P. L. 23, 12 PS §§672-675, questioning the court's jurisdiction over her.

The lack of jurisdiction is apparent. The proper procedure for substituting as a defendant in pending litigation a nonresident personal representative of a deceased party is set forth in section 35 (h) of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §778. The statute requires service by publication. Plaintiff, in serving the surety, proceeded under section 37 of that act. That section, however, is concerned solely with the service of original process in suits against estates, the representatives of which do not reside in the county having jurisdiction of their accounts. The service, in not complying with the statutory requirements, was defective and could not operate to give the court jurisdiction over petitioner.

Plaintiff maintains, however, that since the case has already been tried, the special remedy afforded by the Act of 1925 is no longer available to petitioner. In this we agree.

". . . The purpose of the statute is to afford a speedy means of securing a final determination of jurisdictional matters in limine, before inquiry into the merits of the case. It is not designed to cover generally all judgments on questions of jurisdiction, but must be confined to such as are provided for by the act; i. e., those entered in preliminary proceedings": Wilson v. Garland et al., 287 Pa. 291, 293 (1926). See also Solar Electric Company's Appeal (No. 2), 290 Pa. 372 (1927).

Those decisions do not mean, however, that the unserved defendant who waits until the case has gone to final hearing before objecting waives his right to do so. A person improperly brought on the record is never legally in court or a party to the suit and is, therefore, not answerable to plaintiff in that action: Timlin v. Scranton et al. (No. 2), 139 Pa. Superior Ct. 508 (1940). Objections to the jurisdiction of the court, unless waived, always could, and still can, be made at any time, notwithstanding the Act of 1925: Commonwealth ex rel. v. The Pennsylvania Society of Naturopaths, 15 D. & C. 798. That act changed the law only in that it provided for an appeal from an interlocutory order theretofore unappealable: Ibid. It is only that specially-granted right to an immediate appeal that is lost by a failure to object to jurisdictional defects preliminarily.

There being no waiver of the improper service on the part of petitioner, either by the entry of a general appearance or by the filing of a defense to the mertis, the court could make no valid finding against Ida Milikovsky as administratrix of the estate of her husband Henry. The petition filed in this case will, therefore, be treated as a motion to strike off the court's finding insofar as it is directed against Henry Milikovsky's estate. It is so ordered.