## Nusida v. Kundrick

*Paul N. Barna*, for plaintiff.
*George Y. Meyer*, for defendant.

ELLENBOGEN, J., June 9, 1952.—This is a case of first impression. Counsel for plaintiff and for defendant have advised us that they can find no precedent or direct decision on the point involved, nor have we been able to locate any.

This is a case in trespass in which plaintiff seeks to recover from original defendant damages for personal injuries to herself and for damages done to her automobile. Within the 60 days allowed by the Rules of Civil Procedure, defendant filed a præcipe and complaint to join Paul M. Smider as an additional defendant. Smider was the operator of the automobile in which plaintiff was riding as a passenger and which collided with the automobile operated by defendant. In his complaint against additional defendant, original defendant avers that any injuries and damage sustained by plaintiff were caused "solely and proximately by reason of the negligence of the additional defendant", and asserts a claim against additional defendant for $369.65 for damages to the automobile of original defendant.

The writ was served on additional defendant by the Sheriff of Washington County on Dececber 8, 1949. On October 30, 1951, original defendant filed a præcipe for judgment against additional defendant "for his failure to file an appearance, preliminary objections, or an answer". The præcipe asserts that it was filed under Rule 1047 of the Pennsylvania Rules of Civil Procedure and rule 10 of the rules of this court.

The procedure for the joinder of additional defendants is now regulated by the Rules of Civil Procedure.

Rule 2255 of the Rules of Civil Procedure provides that:

"(a) The procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant. . . .

"(c) No judgment on the pleadings may be entered in favor of any party against an additional defendant for failure to answer the complaint of the party joining him, but all allegations of fact in such complaint to

which an answer is required and which are not sufficiently answered shall be conclusive upon the additional defendant."

This rule, subsection (c), expressly prohibits the entry of a judgment "in favor of *any* party against an additional defendant for failure to answer the complaint of the party joining him." It provides, however, that the failure to file such an answer shall be that "all allegations of fact in such complaint to which an answer is required . . . shall be conclusive upon the additional defendant".

Since by Rule 2255(a) the pleadings between defendant and additional defendant shall be the same "as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant", the consequences of the failure by additional defendant to file an answer is governed by rule 1045(b):

"A party who fails to file a responsive pleading shall be deemed to admit all averments relating to the identity of the person by whom a material act was committed, the agency or employment of such person or the ownership, possession or control of the property or instrumentality involved. All other averments shall be deemed to be denied."

In School District of Boro of Eddystone, to use, v. Lewis et al.; 101 Pa. Superior Ct. 583, 586, it was held that an original defendant may take judgment against an additional defendant, brought in by scire facias under the Act of April 10, 1929, P. L. 479, after judgment has been entered in favor of plaintiff and against original defendant. This was a case in assumpsit and followed the case of First National Bank of Pittsburgh v. Baird, 300 Pa. 92, also an action in assumpsit, in which it was held that notwithstanding the pendency of proceedings under the Scire Facias Act of April 10, 1929, P. L. 479, plaintiff may take judgment for want of an affidavit of defense against original defendant. That original de-

fendant may take judgment for want of a sufficient affidavit of defense against additional defendant was stated in Vinnacombe et ux. v. Philadelphia et al., 297 Pa. 564, 569, a trespass case. That statement was obiter dictum, since the only question there decided was whether an original defendant could bring in additional defendants under the Sci. Fa. Act who were liable over to original defendant.

This procedure under the Sci. Fa. Act proved to be unsatisfactory, especially since the entry of the judgment against additional defendant created an immediate lien on his real estate, in a case in which the liability had not yet been adjudicated. The fact that such judgment and lien might thereafter be vacated, may not repair the damage which might have been caused to additional defendant while the lien was on the record.

This harmful result of the entry of a judgment against additional defendant before the liability of plaintiff and of original defendant has been adjudicated may have been in the minds of the framers of rule 2255 when they prohibited the entry of judgment on the pleadings "in favor of any party against an additional defendant for failure to answer". In view of this express prohibition, little can be gained by speculating upon the usefulness, inconvenience, or inappropriateness of such a default judgment. We may add, however, that at least in a trespass case, the entry of a default judgment by original defendant against additional defendant is illogical and, to say the least, premature. A judgment in a trespass case, whether it be for failure to file an appearance or for failure to file an answer is a final adjudication of the negligence of additional defendant. While such a judgment is not conclusive upon plaintiff, it would seem to be odd, illogical, and even useless to permit an adjudication between original defendant and an additional defendant, before plaintiff's case has come to trial. That

trial may show that the negligence was solely on the part of plaintiff and that, therefore, there is no liability on the part of either original or additional defendant. Or the evidence developed at the trial may show that the liability is solely upon the part of original defendant. In either event it would seem out of place to permit a judgment—a final adjudication—to the effect that additional defendant was solely negligent, where a trial might yet be held to determine if any defendant is liable. No doubt, considerations of this nature caused the express prohibition against the entry of a judgment against an additional defendant for failure to answer.

Original defendant in the instant case points to rule 2255 (a) as his authority for the entry of such judgment, but that rule merely states that "the procedure, including pleadings, between the party joining an additional defendant and the additional defendant shall be the same as though the party joining the additional defendant were a plaintiff and the additional defendant were a defendant".

Original defendant seeks to link that rule with rule 1047 which permits plaintiff in a trespass case to direct the prothonotary by præcipe to "enter judgment against a defendant by whom no appearance or pleading to the complaint is filed". This overlooks the further provision of rule 1047 stating that in such a case "the damages shall be assessed at a trial *at which the issue shall be limited* to the amount of the damages".

Thus, rule 1047 imposes an unqualified requirement that wherever a judgment by default is taken in a trespass case the trial relates solely to the issue of damages (the question of liability already having been settled by the entry of a default judgment). It is, of course, impossible to have a trial between original defendant and additional defendant confined to the

issue of damages. The very purpose of the joining of the additional defendant is that there should be only one trial in which all the necessary parties are joined and in which all issues are determined at the same time. This trial must yet be held. Of necessity it will be a trial in which the issue of liability as between plaintiff and original defendant, as well as between plaintiff and additional defendant, must yet be determined. The very purpose of the joinder of additional defendant is to adjudicate his liability at the same time and in the same trial, as that of original defendant. Plaintiff should not be deprived of the opportunity to prove at this trial that his damages were caused solely by the negligence of original defendant, by that of additional defendant, or by the concurrent negligence of both. Such trial might also result in a judgment in favor of original defendant because of contributory negligence of plaintiff. In any of these contingencies, the liability of additional defendant cannot be ascertained, until the trial between plaintiff and original defendant has taken place, because that trial will determine whose negligence caused the accident and where the liability must be placed. There is then no logical reason for the entry of a prior default judgment between original defendant and additional defendant, a judgment which leaves unadjudicated the rights and claims of plaintiff. Obviously, there must be one trial, a joint trial, in which the liability of the original and additional defendant will be determined. The entry of a default judgment by original defendant against additional defendant can only be an impediment to a decision upon the merits of the case.

This reasoning is strengthened by the provisions of rule 2255(d), which permit plaintiff to recover from additional defendant "as though such additional defendant had been joined as a defendant."

Our view seems to be shared by the authors of the commentary contained in Goodrich-Amram Procedural

Rules. Under the commentary attached to rule 2252 and rule 2255, which deal with the procedure to be employed in joining additional defendants, we find on page 37 in Goodrich-Amram Procedural Rules, the following commentary:

"Since Rule 2255(c) eliminates any default judgment in favor of the defendant against the additional defendant, and since Rule 2254(b) fixes the time within which the order may be served, all reference to a return day is omitted from the order.

"Secondly, there is *no requirement that the additional defendant appear* or enter an appearance."

In his brief original defendant also contends that the question of the propriety of a default judgment against additional defendant cannot be raised by plaintiff. Since such a judgment may substantially affect the progress of the case of plaintiff, we hold that plaintiff is a proper party to raise that question and to object to the entry of such a judgment.